550 So.2d 164 (1989)
Percy SPANN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00784.
District Court of Appeal of Florida, Second District.
October 20, 1989.
*165 Percy Spann, Zephyrhills, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant, Percy Spann, appeals his convictions and sentence for possession of a firearm by a convicted felon and two counts of aggravated assault. Of the several points he raises, we find merit only in his contention that the trial court erred in including a disputed felony conviction on his sentencing guideline scoresheet. We affirm the convictions but remand for resentencing.
Spann was sentenced within the recommended guidelines range to four and one-half years' imprisonment with a three year mandatory minimum. He contends that his guideline sentence was incorrectly calculated for two reasons: use of the wrong category scoresheet and consideration of an incorrect number of prior offenses. Pursuant to Florida Rule of Criminal Procedure 3.701(d)(3), Spann's guideline score was computed under category 4, violent personal crimes, as well as category 8, weapons. The trial court elected to use the category 4 computation, which resulted in a more severe penalty. Defendant argues that category 8 should have been used. His assertion, however, is contrary to rule 3.701(d)(3), which provides that the guideline scoresheet which recommends the most severe sanction should be used.
We next consider the scoring of the defendant's prior record. His scoresheet calculation included two prior second-degree felonies, in addition to prior third-degree felonies and misdemeanors listed on the presentence investigation report. At the sentencing hearing, the defendant denied being convicted of one of the second-degree felonies, and defense counsel requested that the record be verified. The trial judge did not require proof of the conviction. Instead, he remarked that he would be inclined to depart, absent the challenged conviction, because the recommended sentence within the lower cell would not incarcerate Spann for a sufficient length of time. The trial judge, however, suggested no reasons for departure. Thereafter, the court included the challenged felony on defendant's scoresheet which placed him in the higher cell of three and one-half to four and one-half years, *166 instead of the lower cell of two and one-half to three and one-half years. The trial court imposed the maximum sentence under the higher cell.
When the defendant disputed the prior conviction, the court had two options: either not to consider the offense, or to score it provided the state produced the necessary corroborating evidence. Eutsey v. State, 383 So.2d 219, 225 (Fla. 1980); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). Therefore, without determining the actual status of the challenged felony conviction here, the court could not factor it into the defendant's scoresheet to arrive at a recommended guidelines sentence.
The numerous other points raised by the defendant are without merit; however, we choose to comment on two. First, the defendant argues that his constitutional protections against double jeopardy were violated by convicting him of possession of a firearm by a convicted felon and two counts of aggravated assault with a firearm. His reliance upon Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988), however, is misplaced. It was possession of a firearm in the commission of a felony that was at issue in Henderson, not possession of a firearm by a convicted felon, as here. Second, Spann's claims of ineffective assistance of counsel are not subject to direct appeal, but are properly raised on a motion for post-conviction relief. Varela v. State, 513 So.2d 763 (Fla. 2d DCA 1987). Our decision rejecting that point is without prejudice to the defendant's raising a timely claim for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
We affirm the defendant's convictions but vacate the sentence. On remand, the trial court should allow the state to furnish corroborating evidence of the prior conviction challenged. Depending upon the verification of the prior conviction, the defendant shall be resentenced accordingly.
RYDER and PARKER, JJ., concur.