OPINION ON REHEARING
SMITH, Justice.
This cause was affirmed “Per Curiam” without opinion on October 12, 1989, 550 So.2d 469. In his motion for rehearing, appellant has requested that the issue *161 presented in this case be certified to the supreme court as one of great public importance.
Appellant was convicted of escape and possessing contraband in prison. Both are offenses proscribed by Chapter 944, Florida Statutes, and are second degree felonies. Scoring escape as the primary offense at conviction on a Category 8 scoresheet results in a presumptive guideline sentence of 3½ to 4½ years. Scoring possession of contraband as the primary offense at conviction on a Category 9 scoresheet results in a presumptive guideline sentence of 20 to 27 years. Complying with rule 3.701(d)(3), Florida Rules of Criminal Procedure, the trial court used the scoresheet resulting in the most severe sentencing range and sentenced appellant to 22 years in prison. See Spann v. State, 14 F.L.W. 2486, 550 So.2d 164 (Fla. 2d DCA 1989); State v. Davis, 537 So.2d 192 (Fla. 2d DCA 1989); and Williams v. State, 501 So.2d 191 (Fla. 5th DCA 1987).
On appeal, appellant complains that use of the Category 9 scoresheet to sentence him denied him equal protection of the law. Appellant argues that there is no distinction between escape and possessing contraband which justifies a sentence for possessing contraband quintuple that of the presumptive sentence for escape. However, appellant did not object to the use of the Category 9 scoresheet in the trial court below nor did he raise his equal protection argument. See Trushin v. State, 425 So.2d 1126 (Fla.1982); and A.C. v. State, 538 So.2d 136 (Fla. 3d DCA 1989).
One complaining of unjust discrimination by the State in violation of the State and Federal constitutions has the burden of showing “that the alleged discrimination has no conceivable basis, in differences of conditions, sufficient to justify the statutory regulation under attack.” Lewis v. Mathis, 345 So.2d 1066, 1069 (Fla.1977). We conclude that appellant has failed to demonstrate or present substantial arguments to show that the inclusion of possession of contraband offenses in the Category 9 scoresheet has no conceivable basis. Accordingly, we decline to certify the issue to the Florida Supreme Court as a question of great public importance, and the motion for rehearing is,
DENIED.
THOMPSON and MINER, JJ., concur.