687 So.2d 845 (1996)
Darrell NANTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01381.
District Court of Appeal of Florida, Second District.
December 27, 1996.
Rehearing Denied January 29, 1997.
Thomas H. Ostrander, Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
Darrell Nantz, who was adjudicated guilty of two counts of Driving Under the Influence/Unlawful *846 Blood Alcohol Level with Serious Bodily Injury (third degree felonies), and one count of Driving Under the Influence/Unlawful Blood Alcohol Level with Property Damage (first degree misdemeanor), contends that the trial court erred in sentencing him above the statutory maximum for the offenses. We reverse because errors in the scoresheet led the trial court to sentence Nantz above the guidelines recommended sentence, but the court did not err in sentencing him beyond the statutory maximum.
Nantz committed the offenses after January 1, 1994. Under the version of the guidelines in effect at the time of Nantz's offenses, the trial court was required to impose a guidelines sentence even if the sentence exceeded the maximum authorized by section 775.082, Florida Statutes (1993), absent a departure. § 921.0014(1), Fla. Stat. (1993); see also § 921.001(5), Fla. Stat. (Supp.1994). It is obvious from the face of the record and from the transcript of the sentencing proceedings that the trial court intended to impose a guidelines rather than a departure sentence.
It is equally apparent that the trial court relied upon a scoresheet that contained mathematical errors. On the second page, in the computation for recommended range, the scoresheet preparer miscalculated the range and led the court to believe that Nantz could be sentenced to a term of 105 months, which was apparently rounded off to nine years. Application of the correct mathematics, however, yields a recommended range of from 61.5 to 102.5 months. On remand, the trial court should impose a sentence, within the guidelines, of no more than 8.5 years.
Reversed and remanded for resentencing within the guidelines.
BLUE and LAZZARA, JJ., concur.