714 So.2d 1152 (1998)
Xavier SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02835.
District Court of Appeal of Florida, Second District.
July 24, 1998.
James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Xavier Smith appeals the judgment adjudicating him guilty of battery of a law enforcement officer and resisting an officer with violence, and the corresponding sentence. We reverse the sentence and strike the investigative cost assessment.[1] We affirm on all other issues raised by Smith.
Smith was sentenced to thirty-seven months in prison on each count to run concurrently. This sentence represented the maximum recommended sentence under the sentencing guidelines scoresheet prepared by the State. Smith correctly argues that the scoresheet contains a mathematical error that resulted in two additional points on his sentencing guidelines scoresheet. This mathematical error caused the trial court to sentence Smith above the recommended guidelines sentence. Accordingly, we reverse and remand with directions to the trial court to enter a new sentence based on a properly calculated scoresheet. See Angel Torres v. State, ___ So.2d ___, 23 Fla. L. Weekly D1054 (Fla. 2d DCA Apr.22, 1998); Nantz v. State, 687 So.2d 845 (Fla. 2d DCA 1996), review denied, 695 So.2d 700 (Fla. 1997).
Smith also correctly argues that the trial court erred by including a disputed, prior misdemeanor offense in his sentencing *1153 guidelines scoresheet without requiring the State to provide corroborating evidence of the offense. When a defendant disputes a prior offense the sentencing court must either require the State to produce corroborating evidence of the offense or not consider the offense. See Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997); Moss v. State, 581 So.2d 182, 183 (Fla. 2d DCA 1991); Spann v. State, 550 So.2d 164, 166 (Fla. 2d DCA 1989). Accordingly, at resentencing, we direct the trial court to not include the disputed misdemeanor offense in the new guidelines scoresheet, unless the State is able to produce corroborating evidence of it. See Baldwin, 700 So.2d at 96; Spann, 550 So.2d at 166.
Finally, Smith argues that the trial court erred by ordering him to pay $176 for investigative costs without referencing any statutory authority, and without requiring any documentation from the State to prove entitlement to said costs. While the record indicates that the statutory authority for the investigative costs was referenced in the written judgment for fine and costs, Smith is correct that the requisite documentation for the costs was lacking. See § 939.01(1), Fla. Stat. (1995) (renumbered as section 938.27 and amended, effective July 1, 1997); Reyes v. State, 655 So.2d 111, 116-17 (Fla. 2d DCA 1995) (en banc); Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994). Accordingly, we strike the $176 investigative costs. On remand, the trial court may reimpose these costs provided the State submits the appropriate documentation under section 938.27, Florida Statutes (1997), and after considering Smith's financial resources. See Sutton, 635 So.2d at 1033.
The convictions are affirmed. We reverse Smith's sentence and remand for resentencing in accordance with this opinion.
QUINCE and WHATLEY, JJ., concur.
NOTES
[1] Smith was sentenced on June 5, 1996, just prior to the July 1, 1996, effective date of the "Criminal Appeal Reform Act of 1996." Therefore, the preservation of the alleged error is not a factor in deciding these issues.