PER CURIAM.
Michael Edenfield challenges the trial court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court erroneously denied the motion on one ground asserted, and upon that one we reverse. On the other issues raised by Edenfield, we affirm without discussion.
In his motion, Edenfield claims that he was advised upon tendering his plea of no contest that the maximum allowable sentence for his crime, a third-degree felony, was five years, and that the trial court thereafter imposed a sentence of one hundred months. The briefs on Edenfield’s direct appeal to this court indicate that this sentence exceeding the statutory maximum was imposed pursuant to the guidelines, which is authorized by section 921.001(5), Florida Statutes (1995). See Nantz v. State, 687 So.2d 845 (Fla. 2d DCA 1996). The trial court denied the claim because it had been raised on direct appeal. While the propriety of the sentencing scheme was briefed on appeal, in his collateral motion Edenfield alleges that the plea was involuntarily entered because of his reliance on the trial court’s inaccurate recitation of the maximum allowable penalty. The trial court characterized the allegation in the posteon-viction motion as an impermissible attempt to benefit from a second appeal. We disagree.
Edenfield’s assertion — that the plea resulted from affirmative misinformation provided by the trial court at the time of the plea colloquy — is not a sentencing issue, and on direct appeal Edenfield challenged only the legality of the sentence and not the underlying conviction, which has been attacked in the proceeding from which this appeal is taken. Accordingly we reverse and direct the trial court to examine this claim on its merits.
*1207 Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.