PETERSON, J.
Stefo P. Yankovski appeals the revocation of his probation for a 1991 offense and sentence. We affirm the revocation of probation, vacate the sentence, and remand.
During the hearing, Yankovski objected to the inclusion of prior convictions on his scoresheet in the absence of proof through certified copies of judgments. The State could only support the prior convictions by arguing that the scoresheet was prepared by an employee of the Department of Corrections (DOC) who had to use Yankovski’s fingerprints to determine the prior convictions because Yankovski had used over a dozen aliases in the past. The DOC employee was not available as a witness and no other corroborating evidence was offered.
The DOC employee’s hearsay statements cannot support the inclusion of prior convictions on the scoresheet when an objection is made by a defendant. See, e.g., Kincaid v. State, 734 So.2d 517 (Fla. 5th DCA 1999) (disputed convictions should not have been included in score-sheet where the State failed to provide any evidence of the disputed convictions); Vance v. State, 545 So.2d 398 (Fla. 1st DCA 1989) (where the defendant objected to the hearsay nature of a FBI rap sheet showing a prior conviction and specifically disputed correctness of evidence, the State was required to provide further corroborating evidence of the conviction in order to have such conviction reflected in the sentencing guidelines scoresheet).
The State concedes that Yankov-ski’s sentence of 17 years also exceeded the statutory maximum of 15 years for the offense of burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1991). See Fla. R.Crim. P. 3.701(d)(10) (when guideline sentence exceeds statutory maximum, the latter should be imposed).
We remand for resentencing with instructions that the State must produce corroborating evidence to support the prior convictions. Unsupported convictions are to be stricken from the scoresheet and the sentence imposed must not exceed the statutory maximum of 15 years.
Revocation of Probation AFFIRMED; SENTENCE VACATED; REMANDED.
GRIFFIN and ORFINGER, R.B., JJ., concur.