944 So.2d 1063 (2006)
William MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3076.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
*1064 POLEN, J.
Appellant, William Moore, a.k.a. Eric Jones, appeals a final order of judgment and conviction. Following a jury trial, Moore was convicted of one count of burglary of a conveyance, one count of attempted burglary of a conveyance, and one count of petit theft. The trial court declared Moore a violent career criminal and a habitual offender, and sentenced him to fifteen years in prison for count one, ten years in prison for count two, sixty days for count three, all sentences to run concurrently. Moore raises two issues on appeal. We affirm the trial court's denial of Moore's motion for a continuance and discharge of counsel, but find merit in Moore's sentencing argument. We reverse Moore's sentence and classification as a violent career criminal, and remand for re-sentencing.
To impose a habitual felony offender sentence, the trial court must find based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense.
Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001). To be sentenced as a violent career criminal, the State must present evidence that the defendant had been convicted as an adult three or more times for an offense enumerated in the applicable statute. See § 775.084(1)(d)1-6. The State cannot simply refer to evidence introduced at an earlier sentencing hearing. See Rich v. State, 814 So.2d 1207, 1208 (Fla. 4th DCA 2002). The trial court can rely upon certified copies of convictions and original court records in making the determination. Slade v. State, 898 So.2d 120 (Fla. 4th DCA 2005).
After careful review of the record, we find the State has failed to introduce evidence of the requisite prior convictions. The convictions relied on in the sentencing hearing do not constitute convictions for felonies listed under section 776.08, Florida Statutes. Only two of the convictions relied upon by the State would qualify to classify Moore as a violent career criminal. While there is one other conviction found in the supplemental record that would be sufficient to constitute the third offense, this conviction was neither listed nor relied upon at the sentencing hearing. Therefore, we reverse Moore's sentence for Count I, and remand to the trial court for re-sentencing. Puskac v. State, 872 So.2d 1008 (Fla. 4th DCA 2004) (on remand, State has the right to introduce evidence of other qualifying convictions).
STEVENSON, C.J., and STONE, J., concur.