PER CURIAM.
The Criminal Procedure Rules Committee has filed an out-of-cycle report of proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.140(e). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Legislature in 2000 passed a law that provided that “[n]o person charged with a dangerous crime shall be granted nonmonetary pretrial release at a first appearance hearing.” See ch. 2000-178, § 2, at 1906, Laws of Fla. (amending section 907.041(4)(b), Fla. Stat. (1999)). The law also repealed Florida Rules of Criminal Procedure 3.131, Pretrial Release, and 3.132, Pretrial Detention. See id., § 5, at 1909. Five years later, the Court in State v. Raymond, 906 So.2d 1045 (Fla.2005), declared the law unconstitutional and temporarily readopted the rules. The Court ordered that the rules be published for comment in light of the legislation. See In re Fla. Rules of Crim. Pro. 3.131 & 3.132, 907 So.2d 1169 (Fla.2005). The rules were published in The Florida Bar News, and responses were filed by various entities.[1] At the Court’s request, the Criminal Procedure Rules Committee (committee) also filed an out-of-cycle report. The Court subsequently returned the matter to the committee for further consideration in light of the comments, and the committee has now filed a supplemental report proposing amendments to both rules 3.131 and 3.132.
After reviewing the comments and the committee’s proposals, we adopt the proposals filed by the committee, with the exception noted below. The major substantive changes are discussed below.
AMENDMENTS
Chapter 2000-178, Laws of Florida, added new subsection (3)(b) to section 907.041, Florida Statutes (1999):
(b) No person shall be released on nonmonetary conditions under the supervision of a pretrial release service, unless the service certifies to the court that it has investigated or otherwise verified: [various specific circumstances concerning the accused’s background].
The law also added new subsection (4)(b) to section 907.041:
(b) No person charged with a dangerous crime shall be granted nonmonetary pretrial release at a first appearance hearing; however, the court shall retain the discretion to release an accused on electronic monitoring or on recognizance bond if the findings on the record of facts and circumstances warrant such a release.
In response to the above statutory changes, the committee proposes that new subdivision (b)(2) be added to rule 3.131:
*733 (2) No person charged with a dangerous crime, as defined in section 907.041(4)(a), Florida Statutes, shall be granted nonmonetary pretrial release at a first appearance hearing. At a subsequent hearing, however, a court has the discretion to release an accused on electronic monitoring, personal recognizance, an unsecured appearance bond, or any condition the court deems appropriate if the findings on the record of facts and circumstances warrant such a release.
The committee also proposes that new subdivision (b)(5) be added to rule 8.131:
(5) If the court is considering releasing a defendant charged with a dangerous crime on nonmonetary conditions under the supervision of a pretrial release service, the court must receive and consider the certification of a pretrial release service, as provided in section 907.041(3)(b), Florida Statutes.
We note, however, that the House in its comment to the Court states that the Legislature’s main concern in enacting section 907.041(4)(b) was to delay the release on nonmonetary conditions under the supervision of pretrial services of a person charged with a dangerous crime until the certification process required in section 907.041(3)(b) could be completed. In light of this stated purpose, and in light of the plain language of subsection (3)(b), we amend subdivision (b)(4) of rule 3.131 to read as follows:
(4) No person charged with a dangerous crime, as defined in section 907.041(4)(a), Florida Statutes, shall be released on nonmonetary conditions under the supervision of a pretrial release service, unless the service certifies to the court that it has investigated or otherwise verified the conditions set forth in section 907.041(3)(b), Florida Statutes.
We make this change in lieu of the proposals submitted by the committee, and we note that this amendment is consistent with the gist of the proposal submitted by the House.
As to rule 3.132, the committee proposes that subdivision (d) be deleted. The committee points out that this subdivision is based on former section 907.041(4)(i), Florida Statutes (1999), which was removed in 2000. See ch. 2000-229, § 2, Laws of Fla. In order to render the rule consistent with the statute, the committee proposes that the rule should be similarly revised. We approve the committee’s proposed amendment to this rule.
Based on the foregoing, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by strike-through type. The amendments shall become effective April 1, 2007.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 3.131. PRETRIAL RELEASE
(a) [No change]
(b) Hearing at First Appearance— Conditions of Release.
(1) Unless the state has filed a motion for pretrial detention pursuant to rule 3.132, the court shall conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as any of the forms of release stated below. Except as otherwise provided by this rule, Tthere is a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release. The judi *734 cial officer shall impose the first of the following conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, shall impose any combination of the following conditions:
(A) personal recognizance of the defendant;
(B) execution of an unsecured appearance bond in an amount specified by the judge;
(C) placement of restrictions on the travel, association, or place of abode of the defendant during the period of release;
(D) placement of the defendant in the custody of a designated person or organization agreeing to supervise the defendant;
(E) execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy the bail by providing an appearance bond; or
(F) any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
(2) The judge shall at the defendant’s first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant’s appearance. If a monetary bail is required, the judge shall determine the amount.
(3) In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant’s family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant’s past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant’s release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, parole, or other release pending completion of sentence; and any other facts the court considers relevant.
(4)No person charged with a dangerous crime, as defined in section 907.041(4)(a), Florida Statutes, shall be released on non-monetary conditions under the supervision of a pretrial release service, unless the service certifies to the court that it has investigated or otherwise verified the conditions set forth in section 907.041(3)(b), Florida Statutes.
f4)(5) All information provided by a defendant in connection with any application for or attempt to secure bail, to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to be used in connection with an application for bail, shall be accurate, truthful, and complete, without omissions, to the best knowledge of the defendant. Failure to comply with the provisions of this subdivision may result in the revocation or modification of bail. However, no defendant shall be com *735 pelled to provide information regarding his or her criminal record.
(§)(6) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.
(c) — (I) [No change]
RULE 3.132. PRETRIAL DETENTION
(a) Motion Piled at First Appearance. A person arrested for an offense for which detention may be ordered under section 907.041, Florida Statutes, shall be taken before a judicial officer for a first appearance within 24 hours of arrest. The state may file with the judicial officer at first appearance a motion seeking pretrial detention, signed by the state attorney or an assistant, setting forth with particularity the grounds and the essential facts on which pretrial detention is sought and certifying that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion. If no such motion is filed, or the motion is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)(4). If the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person may be detained in custody pending a final hearing on pretrial detention. If probable cause is established after first appearance pursuant to the provisions of rule 3.133 and the person has been released from custody, the person may be recommitted to custody pending a final hearing on pretrial detention.
(b) — (c) [No change]
(d)-Length- of Detention, — B—ordered detained-pending trial pursuant-to-section 907.041(d)(b);-Florida Statutes, the defendant may not be held more-than 90 days. Failure of the state-to-bring the defendant to trial within-that time shall result in the defendant’s release from detention subject to-any conditions of release^ unless the trial delay was requested or caused by the defendant or the defendant’s-eeunseh-

. Comments were filed by the following entities: the Justice Council of the Florida House of Representatives (House); the Florida Public Defender Association, Inc.; the Florida Association of Criminal Defense Lawyers; the Public Defender, Second Circuit; Circuit Judge Robert Doyel; Tiffany Carr, Executive Director, Florida Coalition Against Domestic Violence; Administrative Judge Amy Karan; and Bart Schneider.