PER CURIAM.
In response to the Court’s request, The Florida Bar’s Criminal Procedure Rules Committee has filed an out-of-cycle report of proposed amendments in accordance with Florida Rule of Judicial Administration 2.140(f). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
In conjunction with the Court’s request concerning Florida Rules of Criminal Procedure 3.131, Pretrial Release, and 3.132, Pretrial Detention, the Criminal Procedure Rules Committee (Committee) filed an out-of-cycle report and proposed amendments to rule 3.790, Probation and Community Control.[1] The proposed amendments implemented provisions of the Jessica Lunsford Act, which became effective September 1, 2005, and which concerns the release of high-risk sexual offenders and predators who are arrested for committing a material violation of probation or community control. See ch. 2005-28, § 13, at 223-24, Laws of Fla. The proposals were approved unanimously by the Committee’s Fast Track Subcommittee, were approved by a vote of twenty-five to one by the full Committee, and were approved unanimously by The Florida Bar Board of Governors.
The proposed amendments were published for comment in the July 15, 2006, edition of The Florida Bar News, and a single comment was filed.[2] The Court then considered the Committee’s proposals and the comment and issued an order tentatively approving the proposals, but revising certain language in subdivision (b)(2). The Court directed the Committee to re *1188 spond. The Committee filed a response, wherein it stated that it agrees with the Court’s revisions. The Committee approved the revisions by a vote of twenty to one.
While this matter was pending, the Legislature enacted the Anti-Murder Act, which became effective March 12, 2007, and which concerns the release of violent felony offenders of special concern and certain other offenders who are arrested for committing a material violation of probation or community control. See ch. 2007-2, Laws of Fla. The Court then revised the pending amendments to rule 3.790 to implement a provision of the Anti-Murder Act. The Court issued an order returning the revised proposals to the Committee, to be considered under its fast track procedures. The Court also asked the Committee to consider whether additional amendments to rule 3.790, or any other rules, are needed to implement the Anti-Murder Act. The Committee now has filed its response wherein the Committee proposes that new subdivision (b)(2) of rule 3.790 be reserved for Lunsford Act proceedings and that new subdivision (b)(3) be added for Anti-Murder Act proceedings. The Committee concluded that no other emergency amendments are needed to implement the Anti-Murder Act. The Committee approved the revised proposals by a vote of twenty-four to one, and the Executive Committee of The Florida Bar Board of Governors approved the proposals by a vote of eight to zero.
AMENDMENTS
The Committee proposes that new subdivision (b)(2), Lunsford Act Proceedings, be added to rule 3.790 to implement the Jessica Lunsford Act. This subdivision provides that when an offender is on probation or community control for certain sex crimes — or is a registered sex offender or registered sexual predator — and is arrested for violating his or her probation, the court must hold a hearing and make a finding that the offender is not a danger to the public before releasing him or her with or without bail. In order to permit adequate time for the parties to prepare for the hearing, the “danger” hearing may be held no sooner than twenty-four hours after arrest; a “good cause” requirement for requesting a delay is imposed upon the prosecution. Procedural safeguards for the defendant are set forth in the subdivision, including the right to be heard in person or through counsel, to present evidence, and to cross-examine witnesses. And finally, the subdivision lists criteria that a court may consider in determining whether the defendant poses a danger to the public.
As noted above, the Court revised certain language in this proposed new subdivision to track the language of the Lunsford Act,[3] and returned the revised proposal to the Committee for consideration. The Committee in its response stated that it agrees with this revision. We adopt the revised new subdivision (b)(2).
The Committee proposes that new subdivision (b)(3), Anti-Murder Act Proceedings, be added to address the Anti-Murder Act. This proposed new subdivision provides that when a violent felony offender of special concern and certain other offenders are arrested for a material violation of *1189 probation or community control the warrant shall not be dismissed before the violation hearing is held, and the defendant shall not be granted pre-hearing release. If, at the hearing, the court determines that the defendant has committed a material violation, the court shall make findings as to whether the defendant poses a danger to the community, based on enumerated criteria. If the court finds that the defendant poses a danger to the community, the court shall revoke probation or community control and sentence the defendant up to the legal maximum for the underlying offense. If the court finds that the defendant does not pose a danger to the community, the court may revoke, modify or continue the probation or community control.
This proposed new subdivision appears to implement the relevant provisions of the Anti-Murder Act appropriately, except in two respects. First, the proposal makes no provision for the fact that the Lunsford Act and the Anti-Murder Act appear to operate coextensively with respect to certain crimes, and that the provisions of the Anti-Murder Act control under such circumstances. And second, the proposal fails to state clearly within the text of the subdivision that this subdivision is applicable to “violent felony offenders of special concern” and certain other related categories of offenders. We have added language addressing both these concerns. We adopt proposed new subdivision (b)(3), as revised herein.
CONCLUSION
We adopt on an emergency basis the amendments to the Rules of Criminal Procedure as set forth in the attached appendix.[4] Additions are indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion. Because the Court did not publish the amendments in their entirety prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[5]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 3.790. PROBATION AND COMMUNITY CONTROL
(a) [No change]
(b) Revocation of Probation or Community Control; Judgment; Sentence.
(1) Generally. Except as otherwise provided in subdivisions (b)(2) and (b)(3) below, Wwhen a probationer or a community controllee is brought before a court of competent .jurisdiction charged with a violation of probation or community control, the court shall advise the person of the *1190 charge and, if the charge is admitted to be true, may immediately enter an order revoking, modifying, or continuing the probation or community control. If the violation of probation or community control is not admitted by the probationer or community eontrollee, the court may commit the person or release the person with or without bail to await further hearing or it may dismiss the charge of violation of probation or community control. If the charge is not admitted by the probationer or community eontrollee and if it is not dismissed, the court, as soon as practicable, shall give the probationer or community eontrollee an opportunity to be fully heard in person, by counsel, or both. After the hearing, the court may enter an order revoking, modifying, or continuing the probation or community control. Following a revocation of probation or community control, the trial court shall adjudicate the defendant guilty of the crime forming the basis of the probation or community control if no such adjudication has been made previously. Pronouncement and imposition of sentence then shall be made on the defendant.
(2) Lunsford Act Proceedings. When a probationer or community eontrollee is arrested for violating his or her probation or community control in a material respect and is under supervision for any criminal offense proscribed in chapter 794, Florida Statutes, section 800.04(4), Florida Statutes, section 800.04(5), Florida Statutes, section 800.04(6), Florida Statutes, section 827.071, Florida Statutes, or section 847.0145, Florida Statutes, or is a registered sexual predator or a registered sexual offender, or is under supervision for a criminal offense for which, but for the effective date, he or she would meet the registration criteria of section 775.21, Florida Statutes, section 943.0435, Florida Statutes, or section 944.607, Florida Statutes, the court must make a finding that the probationer or community eontrollee is not a danger to the public prior to release with or without bail.
(A) The hearing to determine whether the defendant is a danger to the public shall be conducted by a court of competent jurisdiction no sooner than 24 hours after arrest. The time for conducting the hearing may be extended at the request of the accused, or at the request of the state upon a showing of good cause.
(B) At the hearing, the defendant shall have the right to be heard in person or through counsel, to present witnesses and evidence, and to cross-examine witnesses.
(C) In determining the danger posed by the defendant’s release, the court may consider:
(i) the nature and circumstances of the violation and any new offenses charged;
(ii) the defendant’s past and present conduct, including convictions of crimes;
(iii) any record of arrests without conviction for crimes involving violence or sexual crimes;
(iv) any other evidence of allegations of unlawful sexual conduct or the use of violence by the defendant;
(v) the defendant’s family ties, length of residence in the community, employment history, and mental condition;
(vi) the defendant’s history and conduct during the probation or community control supervision from which the violation arises and any other previous supervisions, including disciplinary records of previous incarcerations;
(vii) the likelihood that the defendant will engage again in a criminal course of conduct;
*1191 (viii) the weight of the evidence against the defendant; and
(ix) any other facts the court considers relevant.
(3) Anti-Murder Act Proceedings. The provisions of this subdivision shall control over any conflicting provisions in subdivision (b)(2). When a probationer or community controllee is arrested for violating his or her probation or community control in a material respect and meets the criteria for a violent felony offender of special concern, or for certain other related categories of offender, as set forth in section 948.06(8), Florida Statutes, the defendant shall be brought before the court that granted the probation or community control and, except when the alleged violation is based solely on the defendant’s failure to pay costs, fines, or restitution, shall not be granted bail or any other form of pretrial release prior to the resolution of the probation or community control violation hearing.
(A) The court shall not dismiss the probation or community control violation warrant pending against the defendant without holding a recorded violation hearing at which both the state and the accused are represented.
(B) If, after conducting the hearing, the court determines that the defendant has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court shall make written findings as to whether the defendant poses a danger to the community. In determining the danger to the community posed by the defendant’s release, the court shall base its findings on one or more of the following:
(i) The nature and circumstances of the violation and any new offenses charged;
(ii) The defendant’s present conduct, including criminal convictions;
(iii) The defendant’s amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations;
(iv) The weight of the evidence against the defendant; and
(v) Any other facts the court considers relevant.
(C) If the court finds that the defendant poses a danger to the community, the court shall revoke probation or community control and sentence the defendant up to the statutory maximum, or longer if permitted by law.
(D) If the court finds that the defendant does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in section 948.06, Florida Statutes.

. The Committee's proposed amendments to rules 3.131 and 3.132 were severed from the present case and are addressed in In re Florida Rules of Criminal Procedure 3.131 & 3.132, 948 So.2d 731 (Fla.2007).

. The comment was filed by a Florida attorney.

. The Committee had proposed that the subdivision provide as follows: "[T]he court must determine whether the probationer or community controllee is a danger to the public prior to release with or without bail.” The Court revised this language to read as follows: "[T]he court must make a finding that the probationer or community controllee is not a danger to the public prior to release with or without bail.”

. In addition to the amendments discussed above, there are also several additional amendments as reflected in the appendix.

. An original and nine paper copies of all comments must be filed with the Court on or before September 4, 2007, with a certificate of service verifying that a copy has been served on the committee chair, H. Scott Fing-erhut, P.A., 2400 S. Dixie Hwy., F1.2, Miami, FL 33133-3156, along with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee chair has until September 24, 2007, to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup.Ct.).