995 So.2d 1138 (2008)
STATE of Florida, Appellant,
v.
Leeroy Wayne BARFIELD, Appellee.
No. 5D08-617.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.
PLEUS, J.
The State appeals the trial court's withholding of adjudication for three third-degree felony charges against Leeroy Barfield. We affirm the withholding of adjudication.
Barfield was arrested at Orlando International Airport for possession of amphetamines, prescription drugs, and drug paraphernalia, and for attempting to destroy the evidence. He was charged with three third-degree felonies. Barfield failed to appear at his arraignment and was arrested several months later in Texas, also for amphetamine possession. Once the Texas *1139 case concluded, he returned to Florida and reached a plea agreement with the State. At the plea hearing, Barfield requested a withholding of adjudication on the charges. The State objected, arguing that under Florida law the trial court cannot withhold adjudication on a third-degree felony if the defendant has had adjudication withheld on a prior felony charge. § 775.08435, Fla. Stat. (2008). The State argued that the drug charges in Texas were felony charges, that Barfield received the equivalent of a withholding of adjudication under Texas law, and that withholding adjudication in Florida was therefore improper. The trial court disagreed and granted Barfield's request on the grounds that (1) the prior felony occurred in another state and (2) the State did not produce sufficient evidence of the prior felony. We find it unnecessary to determine whether withholding of adjudication on a felony in another state suffices under section 775.08435 because the State in this case failed to produce evidence of the prior felony or the prior withholding.
Section 948.01(2), Florida Statutes (2008), provides that a trial court can place a defendant on probation without adjudicating the defendant guilty:
If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.

(Emphasis added). However, this power is not unlimited. As described above, section 775.08435 provides that adjudication of guilt cannot be withheld on a felony charge if the defendant has received a prior withholding:
(1) Notwithstanding the provisions of s. 948.01, the court may not withhold adjudication of guilt upon the defendant for:
. . . .
(c) A third degree felony offense if the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony offense.

(Emphasis added).
In this case, the State alleged (1) a prior withholding of adjudication (2) for a felony in Texas (3) from a different transaction than that supporting the Florida felony charges. However, the State still has the burden of proving that a defendant was previously charged with a felony for which adjudication was withheld. In this case, the trial court withheld adjudication for the Florida felony charges because "[t]here's no indication in writing whether or not it's a felony or a misdemeanor" the State failed to produce evidence of a prior felony withholding. Generally speaking, the State has the burden of proving prior convictions under Florida law. See, e.g., Moore v. State, 944 So.2d 1063, 1064 (Fla. 4th DCA 2006) (recognizing that the State must introduce evidence of prior convictions such as certified copies of convictions and/or original court records); Lyons v. State, 823 So.2d 250 (Fla. 4th DCA 2002) (recognizing that the state has the burden of producing competent evidence of a prior conviction); DeGeso v. State, 771 So.2d 1264, 1265 (Fla. 2d DCA 2000) (recognizing that "the state has the burden of producing competent evidence of the disputed conviction" and the prior conviction must be proven by evidence, not just argument by the prosecutor). The same burden of proof applies for proof of *1140 prior offenses. In Smith v. State, 714 So.2d 1152, 1152-53 (Fla. 2d DCA 1998), the Second District recognized that if the State wants to use a prior offense in sentencing, it must produce corroborating evidence. Specifically, the court held that "[w]hen a defendant disputes a prior offense the sentencing court must either require the State to produce corroborating evidence of the offense or not consider the offense." Id. Thus, under Florida law, the State has the burden of proving the prior felony withholding  similar to a prior conviction.
In this case, as revealed by the plea hearing transcript, the State did not produce any evidence of a prior felony or a prior withholding of adjudication. The State candidly admitted that it had ordered the judgment and sentence but had not yet received the documents. In fact, the only evidence offered by the State was a Dallas County website printout showing that Barfield had been charged with possession of methamphetamines. Even assuming this printed record would otherwise suffice, it did not indicate whether the charge was a felony or whether adjudication was withheld. Because the State failed to produce evidence of either a prior felony or a prior withholding, the trial court properly determined that it could withhold adjudication of guilt in this case.
AFFIRMED.
TORPY and LAWSON, JJ., concur.