CIKLIN, J.
 

 The State appeals the trial court’s order withholding adjudication following the defendant’s no contest plea to two third degree felonies (possession of oxycodone and possession of alprazolam) and one misdemeanor (possession of cannabis). Both before the trial judge and now on appeal, the State argues that the trial court erred in withholding adjudication on the two third degree drug felony charges as being in violation of section 775.08435(l)(c), Florida Statutes (2008). Because the State is simply not honing in on the wording of the applicable statute, we must disagree and affirm.
 

 At the plea hearing, the State recommended that the defendant be adjudicated and objected to a withhold pursuant to section 775.08435(l)(c), because, the State urged, the defendant had “several prior felony convictions.”
 

 But this is not what section 775.08435(l)(c) provides. Section 775.08435(l)(e) prohibits a court from withholding adjudication of guilt upon a defendant for “[a] third degree felony offense if the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony offense.”
 

 The State did not argue or present any evidence that the defendant had prior withholds of adjudication. The statute plainly reads that a court may not withhold adjudication of guilty upon a defendant for a third degree felony offense if the defendant has a “prior withholding of adjudication for a felony offense.” A similar situation occurred in
 
 State v. Barfield,
 
 995 So.2d 1138 (Fla. 5th DCA 2008). In
 
 Barfield,
 
 the State appealed the trial court’s decision to withhold adjudication for three third degree felony charges, arguing that the trial court could not withhold adjudication when the defendant had adjudication withheld on a prior felony charge in Texas.
 
 Id.
 
 at 1138-39. In affirming, the Fifth District found:
 

 [T]he State still has the burden of proving that a defendant was previously charged with a felony for which adjudication was withheld. In this case, the trial court withheld adjudication for the Florida felony charges because “[tjhere’s no indication in writing whether or not it’s a felony or a misdemean- or” — the State failed to produce evidence of a prior felony withholding.
 

 Id.
 
 at 1139. (alteration in original). Simply put, the State failed to provide sufficient
 
 *662
 
 evidence for section 775.08435(l)(c) to be applied.
 

 Affirmed.
 

 GROSS, C.J., and MAY, J., concur.