EVANDER, J.
 

 Alcantara appeals from an order revoking his probation and sentencing him as a “violent felony offender of special concern who poses a danger to the community.” Alcantara contested the State’s reliance on an alleged 1992 conviction in Rhode Island for breaking and entering as the “qualifying offense” under section 948.06(8)(c), Florida Statutes (2008). Because the trial court improperly relied on Alcantara’s scoresheet or “rap sheet” as sufficient proof of a prior conviction, we reverse.
 

 Alcantara admitted to violating his probation by changing his residence and leaving the county without his probation officer’s permission. The State sought to have him sentenced as a violent felony offender of special concern who posed a danger to the community pursuant to section 948.06(8). That statute provides, in relevant part, that a violent felony offender of special concern is a person who is on:
 

 2) Felony probation or community control for any offense committed on or after the effective date of this act and has previously been convicted of a qualifying event.
 

 § 948.06(8)(b)(2), Fla. Stat. (2008). Among the qualifying offenses listed by the statute is a burglary offense or attempted burglary offense that is either a first degree or second degree felony under section 810.02(2) or (3). § 948.06(8)(c)(12). An offense committed in another jurisdiction constitutes a qualifying offense if that offense would be a qualifying offense if committed in Florida. § 948.06(8)(c)(19). If a violent felony offender of special concern is found to have violated his probation or community control other than by failure to pay costs, fines or restitution, a trial court must determine whether that defendant “poses a danger to the community.” § 948.06(8)(e)l.
 
 [1]
 
 If the court finds that a
 
 *537
 
 violent felony offender of special concern poses a danger to the community, the court is required to revoke probation and sentence a defendant up to the statutory maximum, or longer if permitted by law. § 948.06(8)(e)(2)(a);
 
 see also
 
 Fla. R.Crim. P. 3.790(b)(8)(C). If the court finds that the violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. § 948.06(8)(e)(2)(b);
 
 see also
 
 Fla. R.Crim. P. 3.790(b)(3)(D).
 

 Here, it is undisputed that Alcantara was placed on felony probation for an offense committed after the effective date of the statute. The purported qualifying offense was an alleged conviction in 1992 in Rhode Island for “breaking and entering.” The State, over defendant’s objection, was permitted to rely on Alcantara’s scoresheet and a “rap sheet” as proof of a conviction. This was error.
 

 When a defendant disputes a prior offense, the sentencing court must either require the State to produce corroborating evidence of the offense or not consider the offense.
 
 See State v. Barfield,
 
 995 So.2d 1138 (Fla. 5th DCA 2008);
 
 Smith v. State,
 
 714 So.2d 1152, 1153 (Fla. 2d DCA 1998). In the present case, the State failed to introduce a certified copy of the Rhode Island conviction or other evidence sufficient to meet its burden.
 
 See, e.g., Bodie v. State,
 
 983 So.2d 1196 (Fla. 2d DCA 2008) (State must present sufficient evidence, such as fingerprints or photograph, to establish that defendant is, in fact, person referenced in computer records);
 
 see also Moore v. State,
 
 944 So.2d 1063 (Fla. 4th DCA 2006) (trial court can rely upon certified copies of convictions and original court records but State cannot simply refer to evidence introduced in separate sentencing proceeding). Furthermore, the State failed to present evidence that the “breaking and entering” offense allegedly committed by Alcantara in Rhode Island would constitute a burglary or attempted burglary offense that would be either a first or second degree felony under section 810.02(2) or (3) if committed in Florida.
 
 See
 
 § 948.06(8)(c)(19).
 

 On remand, the court may resentence Alcantara as a violent felony offender of special concern who poses a danger to the community only if the State presents additional evidence that meets its burden of proving he qualifies for such sentencing.
 
 See Bodie,
 
 983 So.2d at 1197;
 
 Moore,
 
 944 So.2d at 1064.
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . In determining whether a violent felony offender of special concern poses a danger to the community, the court is required to consider:
 

 a. The nature and circumstances of the violation and any new offenses charged.
 

 b. The offender’s present conduct, including criminal convictions.
 

 
 *537
 
 c.The offender’s amenability to nonincar-cerative sanctions based on his or her conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
 

 d. The weight of the evidence against the offender.
 

 e. Any other facts the court considers relevant.
 

 § 948.06(8)(e)(l)(a-e), Fla. Stat. (2008);
 
 see also
 
 Fla. R.Crim. P. 3.790(b)(3)(B)(i-v).