KHOUZAM, Judge.
Kelsey J. Hughes appeals his conviction and sentence for possession of cocaine. This appeal was originally filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but this court ordered supplemental briefing on the issue of the adequacy of the State’s evidence to corroborate contested prior convictions at sentencing. We affirm the conviction but reverse and remand for re-sentencing because the State failed to meet its burden as to two of the three contested prior convictions.
At sentencing, Hughes’ counsel informed the trial court that on the previous day he had notified the State that Hughes disputed at least one of the prior convictions on his scoresheet. Counsel for Hughes then specified that Hughes was contesting three prior convictions: conspiracy to deliver cocaine (case number 92-11229), trafficking in cocaine (case number 97CF392), and shooting or throwing a deadly missile into a vehicle (case number 86CF4584).
Although the State produced a certified copy for the conviction for conspiracy to deliver cocaine, no other physical evidence was offered. The only support for the other convictions was information from the Department of Corrections’ website and from unspecified court computer documentation. Although it is clear from the transcript of the sentencing hearing that the clerk accessed some information on the court’s computer system, nothing in the record establishes specifically what was accessed by the clerk or reviewed by the judge. The trial court declared it was satisfied with the accuracy of the score-sheet with all three contested prior convictions included and sentenced Hughes to 41.4 months, the lowest permissible sentence.
‘When a defendant disputes a prior offense the sentencing court must either re *478 quire the State to produce corroborating evidence of the offense or not consider the offense.” Smith v. State, 714 So.2d 1152, 1153 (Fla. 2d DCA 1998). Once disputed, the burden is on the State to produce “ ‘competent evidence of the disputed conviction.’ ” DeGeso v. State, 771 So.2d 1264, 1265 (Fla. 2d DCA 2000) (quoting Watson v. State, 591 So.2d 951, 953 (Fla. 2d DCA 1991)). “[HJearsay statements cannot support the inclusion of prior convictions on the scoresheet when an objection is made by a defendant.” Yankovski v. State, 785 So.2d 1283, 1284 (Fla. 5th DCA 2001).
Here, the conviction for conspiracy to deliver cocaine was supported by a certified copy and was therefore properly corroborated. See Jones v. State, 28 So.3d 981, 982 (Fla. 2d DCA 2010) (“The trial court ... correctly required that [the State] prove the ... conviction by obtaining a certified copy of the conviction.”). But the information pulled from the Department of Corrections’ website was hearsay and could not corroborate the convictions. See Yankovski, 785 So.2d at 1284 (concluding that a scoresheet prepared by the Department of Corrections was insufficient to corroborate contested prior convictions where the employee was not available as a witness). Finally, although a trial court may rely on “original court records” in addition to certified copies when verifying prior convictions, see Moore v. State, 944 So.2d 1063, 1064 (Fla. 4th DCA 2006), nothing in the appellate record establishes what records the trial court reviewed in this case. In the absence of certified copies, and without knowing what other records the trial court relied upon, we cannot conclude that the State met its burden to produce competent evidence to corroborate the contested prior convictions.
Consequently, the trial court erred by including two contested but uncorroborated prior convictions on Hughes’ score-sheet: trafficking in cocaine and shooting or throwing a deadly missile into a vehicle. The error is not harmless because Hughes was sentenced to the lowest permissible sentence under the incorrectly calculated scoresheet and nothing in the record conclusively shows the sentence would have been the same under an accurate one. See Fortner v. State, 830 So.2d 174, 175 (Fla. 2d DCA 2002) (“[A] scoresheet error is not deemed harmless unless the record conclusively shows that the trial court would have imposed the same sentence had it had the benefit of the corrected scoresheet.”). We must therefore remand for resentenc-ing, at which the State shall have the opportunity to present corroborating evidence of the contested prior convictions.
Convictions affirmed; sentence reversed and remanded for resentencing.
DAVIS, C.J., and LaROSE, J., Concur.