DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JONATHAN GOMEZ,**
Appellee.

No. 4D13-3160

[July 15, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 10-9071CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

The State appeals an order reinstating the defendant's probation after he admitted a violation of probation. It argues the trial court erred in failing to hold a danger hearing and in failing to make the required written findings under section 948.06(8), Florida Statutes (2013). We agree and reverse.

In 2010, the defendant pled open to one count of throwing a deadly missile into a vehicle and a second count of criminal mischief. The court adjudicated the defendant guilty and placed him on probation for five years on count I and gave him time served on count II.

In 2013, the State filed a violation of probation, alleging the defendant violated probation by driving while license suspended three times, having an expired driver's license for more than six months, possession of cannabis, and for having submitted an untruthful report. The defendant admitted the violations.

The State argued that the trial court was required to conduct a danger hearing because the defendant was a Violent Felony Offender of Special Concern ("VFOSC") based on a prior robbery conviction. § 948.06(8), Fla. Stat. (2013). The State further argued that section 948.06(8)(e) required the court to make written findings. The trial court found that section 948.06(8) did not require a danger hearing or written findings when a probationer admits a violation of probation.

> [T]he Court is going to enter a finding that 948.06 subsection (8) does not require the Court to have a separate formal danger hearing upon accepting of either a negotiated or open admission to a violation of probation from someone who's subject to the provisions of the Anti-Murder Act.

The State reminded the court that the sentence would be illegal without the danger hearing and written findings. The court nevertheless dismissed the warrant, reinstated the defendant's probation, and modified it to include a mental health evaluation and follow-up treatment. From this order, the State now appeals.

We have de novo review of issues involving statutory interpretation. *E.A.R. v. State*, 4 So. 3d 614, 629 (Fla. 2009).

The State maintains that section 948.06(8) requires a danger hearing and written findings as to whether the defendant poses a danger to the community. The defendant responds that the court correctly found a danger hearing unnecessary because the State failed to prove he qualified as a VFOSC. Alternatively, the defendant argues that section 948.06(8) does not require a danger hearing unless he unsuccessfully seeks dismissal of the violation. We agree with the State.

The legislature enacted the Anti-Murder Act in 2007, amending section 948.06, Florida Statutes, to add subsection (8), and requiring an amendment to the Florida Rules of Criminal Procedure. *In re Amendments to Fla. Rules of Criminal Procedure 3.790*, 959 So. 2d 1187, 1188–91 (Fla. 2007). The Anti-Murder Act "concerns the release of violent felony offenders of special concern and certain other offenders who are arrested for committing a material violation of probation or community control." *Id.* at 1188.

Under the Act, "[s]ection 948.06(8) imposes additional requirements on the trial court when a probationer before it on revocation proceedings is a [VFOSC]." *Bailey v. State*, 136 So. 3d 617, 618 (Fla. 2d DCA 2013); *see* § 948.06(8)(a), Fla. Stat. (2013). VFOSC "means a person who is on:"

2

1. Felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act;

2. Felony probation or community control for any offense committed on or after the effective date of this act, and has previously been convicted of a qualifying offense;
. . . .

§ 948.06(8)(b)1.–2., Fla. Stat. Subsection (c) lists nineteen "qualifying offenses," including "[r]obbery or attempted robbery under s. 812.13." *Id.* § 948.06(8)(c)6.

Here, the defendant's scoresheet listed a prior conviction for robbery, an enumerated qualifying offense under 948.06(8)(c)6. The defendant was on probation for throwing a deadly missile into a vehicle, which is a second degree felony. § 790.19, Fla. Stat. (2010). Therefore, the defendant qualified as a VFOSC under section 948.06(8)(b)2.

The defendant argues, however, that the State failed to prove that he was a VFOSC. He suggests there is no evidence he was previously convicted of robbery and the scoresheet is inadequate proof under *Alcantara v. State*, 39 So. 3d 535 (Fla. 5th DCA 2010). We disagree.

In *Alcantara*, the Fifth District reversed an enhanced sentence holding that when a defendant disputes a qualifying offense, the state must provide "corroborating evidence of the offense or not consider the offense." *Id.* at 537. Alcantara had disputed the prior conviction and the state failed to meet its burden of proving an enumerated qualifying offense. *Id.*

Here, however, the defendant did not dispute his status as a VFOSC. In fact, defense counsel referred to his client as a VFOSC: "The State will have more points to score on the scoresheet because [he is] VFO qualified." Thus, *Alcantara* does not support the defendant's argument. Because the defendant was undisputedly a VFOSC, the trial court was required to adhere to the requirements of section 948.06(8).

The defendant next argues a danger hearing was unnecessary because he admitted to his probation violations. The State responds that the statute requires a danger hearing for all VFOSCs regardless of whether they admit the violation. Once again, we agree with the State.

(8)(a) [T]his subsection provides further requirements

regarding a probationer or offender in community control who is a violent felony offender of special concern. . . .

. . . .

(d) In the case of an alleged violation of probation or community control . . . :

. . . .

The court *shall not dismiss the probation or community control violation warrant pending against an offender* enumerated in this paragraph *without holding a recorded violation-of-probation hearing at which both the state and the offender are represented.*

(e) If the court, *after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation* or community control other than a failure to pay costs, fines, or restitution, *the court shall*:

1. *Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community.*
. . . .

2. Decide whether to revoke the probation or community control.

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

§ 948.06(8)(a), (d)–(e), Fla. Stat. (emphasis added).

"When a statute is clear, we do not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Marrero v. State*, 71 So. 3d 881, 886 (Fla. 2011). The Anti-Murder Act amended the general probation violation process.

Subsection (8)(d) now prohibits a court from dismissing a probation violation warrant if the probationer is a VFOSC "without holding a recorded violation-of-probation hearing at which both the state and the offender are represented." § 948.06(8)(d), Fla. Stat. It requires the court to conduct a danger hearing and make written findings before determining the appropriate disposition. The statute does not differentiate between a probationer who admits a violation and one who requires a hearing.

"The Anti-Murder Act was specifically passed to prevent just the kind of thing that occurred below. It was designed to obviate the thought-to-be undesirable spectacle of a person on probation for a designated serious crime violating that trust only to be restored to the same or equivalent status." *State v. Martinez*, 103 So. 3d 1013, 1016 (Fla. 3d DCA 2012).

The court did not hold the required danger hearing and also failed to make the required written findings under section 948.06(8). We therefore reverse and remand the case for a danger hearing and for the court to make the requisite written findings. The court may then impose any legal sentence.

*Reversed and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5