# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2569

_____

MEREDITH MOON TAULBEE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

August 21, 2019

B.L. THOMAS, J.

Appellant challenges two out-of-state convictions recorded in the "prior record" section of Appellant's Criminal Punishment Code scoresheet adding thirty-eight points to the total. At sentencing, the trial court found Appellant's South Carolina convictions of "Accessory After the Fact to Felony A, B" to be Accessory After the Fact to Murder under Florida law, based on the State having printouts from the South Carolina Clerk of Court website which showed that the original charges were for murder and stating that an article found online listed Appellant's convictions as Accessory After the Fact to Murder. Appellant was sentenced based on the scoresheet and the State's recommendation.

Fla. R. Crim. P. 3.704(d)(14)(E) provides that when the degree of felony is ambiguous, or the severity level cannot be determined,

for a conviction listed on the "prior record" section of a scoresheet, the prior conviction must be scored at severity level one. When there is a dispute of a prior offense, the sentencing court must either require the State to produce corroborating evidence of the past conviction or not consider it. *Jennings v. State*, 595 So. 2d 251, 252 (Fla. 1st DCA 1992); *Smith v. State*, 714 So. 2d 1152, 1153 (Fla. 2d DCA 1998); *Alcantara v. State*, 39 So. 3d 535, 537 (Fla. 5th DCA 2010). Proper competent corroborating evidence includes certified copies of the convictions and "original court records." *Hughes v. State*, 139 So. 3d 477, 478 (Fla. 2d DCA 2014). The record reflects that what the State presented the trial court was not proper corroborating evidence, and thus the scoresheet is in error.

The Florida Supreme Court has held that the correct standard to determine if a scoresheet error is harmless is the would-have-been-imposed test. *State v. Anderson*, 905 So. 2d 111, 114 (Fla. 2005). Under this test, "a scoresheet error requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a corrected scoresheet." *Id*. at 112. The record must be examined for conclusive proof that the error did not affect or contribute to the sentencing decision. *Id*. at 116. In this case, the record does not conclusively prove that the court would have still imposed the same sentence on Appellant, as the trial court stated it would work from both the scoresheet and the request made by the State in deciding what the Appellant's sentence would be.

We remand for resentencing, at which the State should be given the opportunity to present sufficient corroborating evidence of the contested prior convictions. *Smith*, 714 So. 2d at 1153; *Hughes*, 139 So. 3d at 478; *Alcantara*, 39 So. 3d at 537.

REVERSED and REMANDED.

ROWE and OSTERHAUS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Candice Kaye Brower, Regional Conflict Counsel, Gainesville; Melissa J. Ford, Assistant Regional Conflict Counsel, Tallahassee; for Appellant.

Ashley Moody, Attorney General, Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.