DOWNEY, Judge.
Appellant was charged by information with trafficking in cocaine in an amount in excess of twenty-eight grams, but less than 200 grams, in violation of section 893.-135(l)(b)(l), Florida Statutes. After he was arrested, and before he pleaded guilty, appellant provided substantial assistance, pursuant to section 893.135(3), and the state agreed to move the court to place him on probation. (The offense appellant was charged with carries a maximum sentence of thirty years' imprisonment and a minimum sentence of three years’ imprisonment with a $50,000 fine.)
At the change of plea and sentencing hearing, held on April 23, 1986, appellant pleaded guilty, and the state advised the court that “the negotiation was to probation with a cap of five years, and we ask the Court to deviate based on substantial assistance and go beneath the guideline range [which was three-and-a-half to four- and-a-half years].” Thereafter, the trial court adjudicated appellant guilty and placed him on probation for two years.
Before appellant pleaded guilty and the sentence was imposed, a colloquy occurred concerning the possibility of withholding adjudication. In short, the trial court refused to consider withholding adjudication because she interpreted the statute to preclude that option to the trial court. Accordingly, the court adjudicated appellant guilty and placed him on probation for two years.
Section 893.135, Florida Statutes (1985) provides that a person who knowingly sells, manufactures, delivers, etc., more than twenty-eight grams of cocaine is guilty of a first degree felony known as trafficking. *736 In such case it is provided that the sentence shall be a mandatory minimum of three years on probation and a fine of $50,000. Thereafter, the legislature announced it to be the public policy of this state in the fight against drug trafficking to allow the state to seek more lenient treatment for a defendant convicted under this statute who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, etc. That purpose was recognized by the supreme court in State v. Benitez. 395 So.2d 514, 517 (Fla.1981), wherein the court said:
Section 893.135 was enacted to assist law enforcement authorities in the investigation and prosecution of illegal drug trafficking at all levels of distribution, from the importer-organizer down to the “pusher” on the street. The harsh mandatory penalties of subsection (1), ameliorated by the prospect of leniency in subsection (3), were clearly calculated to provide a strong incentive for drug violators to cooperate with law enforcement authorities and become informers. No one argues that the elimination of illegal drug traffic is not a beneficial and worthwhile goal, or that the goals of this legislation are not meritorious.
The sentencing authority afforded the court was not carte blanche, but authorized the court only to reduce or suspend the sentence. As the trial judge concluded, it did not authorize the court to withhold adjudication. Following the principle of ex-pressio unius est exclusio alterius, we believe the trial judge properly interpreted her authority under the statute. Had the legislature intended to allow withholding of adjudication in this setting, it would have so provided, as it did in another situation involving sentence alternatives in classifying a person a youthful offender under section 958.05. See State v. Gibron, 478 So.2d 475 (Fla.2d DCA 1985). That the legislature is not disposed to allow withholding of adjudication of guilt across the board is demonstrated by its repeal of the provision in section 893.14, Florida Statutes (1979), wherein withholding of adjudication was allowed.
Finally, it is to be noted that use of section 893.135(3) is precipitated by the state attorney, not by the court or defense counsel. In this case, the state attorney did not make such a motion.
Under the circumstances the trial judge was eminently correct in her conclusion that withholding adjudication was not a viable alternative in sentencing appellant. Accordingly, the judgment and sentence appealed from are affirmed.
GUNTHER, J., concurs.
ANSTEAD, J., dissents with opinion.