711 So.2d 612 (1998)
STATE of Florida, Appellant,
v.
Ricardo Deon STAFFORD, Appellee.
No. 97-1914.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellee.
STONE, Chief Judge.
The state appeals the sentence imposed following Appellee's guilty plea to a charge of grand theft auto. The record reflects that the alleged error was not preserved for review and we therefore affirm.
Appellee had three prior convictions of grand theft auto. The sentencing guidelines provide that under these circumstances the subtotal sentence points are multiplied by 1.5. § 921.0014(1)(b), Fla. Stat. (1997). The state correctly argues that when a defendant has the requisite prior convictions, application of this sentencing multiplier is not discretionary. However, we deem this issue to be waived.
In the course of a hearing that resulted in Appellee's "open" plea, Appellee's attorney stated to the trial court that the multiplier was discretionary. The state did not dispute this or object. The trial court openly advised Appellee that his sentence would be *613 nine months in jail in the event of a plea, a sentence clearly below the guidelines had the multiplier been applied. Again the state, despite having the opportunity to do so, did not object.
A sentence may be reversed only if the error is preserved or constitutes fundamental error. § 924.051(3), Fla. Stat. (1997). The sentencing error here is essentially a downward departure sentence without stated reasons for the departure. This type of sentencing error is not fundamental. See Davis v. State, 661 So.2d 1193, 1197 (Fla.1995).
Although the state had the opportunity to preserve the error for review by contemporaneous objection, it failed to do so. We note that the state's silent acquiescence in this instance was prior to the court's imposition of sentence. In reaching this result, we deem inapposite those circumstances in which the state is not on notice of the sentence until it is imposed. Therefore, the sentence is affirmed.
STEVENSON and SHAHOOD, JJ., concur.