717 So.2d 1087 (1998)
The STATE of Florida, Appellant,
v.
Sharon HENRIQUEZ, Appellee.
No. 98-0326.
District Court of Appeal of Florida, Third District.
September 9, 1998.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
COPE, Judge.
The State appeals a downward departure sentencing order. We affirm.
Defendant-appellee Sharon Henriquez entered into a plea agreement whereby she pled nolo contendere to the charge of burglary of a dwelling.[1] The plea agreement indicated that the "defense may argue for a suspended sentence or downward departure." The State interprets this to mean that the State agreed not to object to the defense argument for a suspended sentence or downward departure sentence. The State argued for a habitual offender sentence, or at least a guidelines sentence.
The trial court adjudicated defendant to be a habitual offender and imposed an incarceration sentence which was slightly above the guidelines. However, the court then suspended the incarcerative portion of the sentence and placed defendant on two years of community control, followed by ten years probation, ordered her to complete a specified residential drug treatment program, and imposed other conditions.
Because of the suspended sentence, the sentence fell below the guidelines. Consequently, as a matter of law it is treated as a downward departure sentence. See State v. Rinkins, 646 So.2d 727, 729 (Fla.1994). At the sentencing proceeding, no departure reasons were given. The State did not object, or advise the court that downward departure reasons were necessary. The State has appealed the sentencing order, contending that the absence of downward departure reasons requires reversal.
We affirm, because the point is not properly preserved for appellate review. The State should have called to the trial court's attention the need for downward departure reasons. See § 924.051, Fla. Stat. (1997); State v. Stafford, 711 So.2d 612, 613, 23 Fla. L. Weekly D1235, D1235-36 (Fla. 4th DCA May 20, 1998); see also State v. Valdes, 677 So.2d 107 (Fla. 3d DCA 1996); State v. Rodriguez, 673 So.2d 187, 188 (Fla. 3d DCA 1996).[2] We also note that, even if the point had been preserved, this would be a case in which we would remand in order to allow the trial court to state departure reasons, because *1088 there is no indication that the trial court realized that this sentence amounted to a departure disposition. See State v. Betancourt, 552 So.2d 1107, 1108-09 (Fla.1989).
Affirmed.[3]
NOTES
[1] The plea also covered violations of probation in other pending cases, the disposition of which is not challenged by the State here.
[2] For present purposes we assume that the State's argument is not barred by the terms of the plea agreement.
[3] In considering this appeal we note that only defendants, but not the State, are given the thirty-day window for sentence correction under Florida Rule of Criminal Procedure 3.800(b). It would likely help facilitate the purposes of section 924.051, Florida Statutes, to add a counterpart provision for the State. This would need to be a fifteen-day window in order to conform to the time for the filing of a State notice of appeal, see Fla. R.App. P. 9.140(c)(3), unless the latter rule were amended to provide a thirty-day time for filing a State notice of appeal on sentencing issues. It would be our view that the Criminal Procedure Rules Committee should consider the issue.