739 So.2d 629 (1999)
The STATE of Florida, Appellant,
v.
Colin Lincoln FORD, Appellee.
No. 98-2973.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Rehearing Denied September 22, 1999.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellee.
Before JORGENSON, COPE, and GODERICH, JJ.
PER CURIAM.
The State appeals from a downward departure sentencing order. For the following reasons, we reverse and remand.
Defendant was charged with the sale, manufacture, or delivery of cocaine, and with possession of cocaine. Over the State's objection,[1] the trial court offered defendant a plea as a habitual offender to 364 days in a drug treatment program with no early termination and no credit for time served. The sentencing scoresheet reflects a recommended sentence of 45 months in state prison and a permitted sentencing range of 33.75 months to 56. 25 months. The trial court's stated reason for the departure was that the defendant had never received residential treatment for his substance abuse.
We reverse, as a defendant's substance abuse or addiction "does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines." § 921.0016(5), Fla. Stat. (1997). See also State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998); State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998). On remand, the trial court shall permit defendant to withdraw his plea, or sentence defendant within the sentencing guidelines.
Reversed and remanded with directions.
JORGENSON and GODERICH, JJ., concur.
COPE, J., dissents.
COPE, J. (dissenting).
I respectfully dissent. The State did not, in words or in substance, advise the trial court that this downward departure for residential drug treatment is prohibited by subsection 921.0016(5), Florida Statutes *630 (1997). To preserve an issue for appeal the objection must be "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (1997); see State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998); see also Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998). As was true in Henriquez, the State's appeal should be rejected for lack of preservation.
NOTES
[1] Our review of the record demonstrates that the State's objection was sufficient to preserve the issue for appellate review.