785 So.2d 1229 (2001)
STATE of Florida, Appellant,
v.
Fred ACKERMAN, Appellee.
No. 4D00-354.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
*1230 Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellant.
Daniel R. Aaronson of Benjamin & Aaronson, P.A., Fort Lauderdale, for appellee.
STONE, J.
We affirm the order withholding adjudication and placing Ackerman on drug offender probation, pursuant to section 948.01(13), Florida Statutes.
Ackerman pled guilty to trafficking between twenty-eight and 200 grams of cocaine contrary to section 893.135(1)(b)1.a., Florida Statutes, in December 1998. Prior to the time of the offense, the legislature had eliminated the previously applicable mandatory minimum sentence for this crime.[1]
There is evidence in the record to support that Ackerman is eligible for drug offender probation because he is a chronic substance abuser. However, the state asserts that the trial court lacked authority to impose this sentence and withhold adjudication for the offense.
At the sentencing hearing, Ackerman's attorney argued motions for mitigation of the guidelines sentence and imposition of an alternative sentence under section 948.01(13). He noted that he was unsure whether to proceed with his argument that the court had authority to grant such relief, stating:
If [the state] concede[s] you [have authority], I won't go into argument about it. If they're contesting that you don't have this power, I would like to argue that you do.
The assistant state attorney responded, "I think the Court can considerunder 948.01, if the Court finds the Defendant is a chronic substance abuser, I think you might have that discretion."
The court then granted Ackerman's motion for an alternative sentence, withheld adjudication, and sentenced him to one year of community control and four years probation, during which time he would be required to complete a twelve-month drug program. The state first objected to Ackerman being unlawfully sentenced under section 948.01(13) six weeks after the plea announcement and nearly two weeks after sentencing.
At a subsequent hearing in which the state sought correction of the sentence, the court found:
Two things that are significant to the Court is the fact that the matter of the filing of a downward departure and alternative sentencing was presented to the Court as an agreement between the Defense and the State, and the fact that the Court would have total discretion was also presented as an agreement between the Defendant and the State.
It also found, as to the state's notice of the motion for sentencing under section 948.01(13), "that it is represented that is part of an agreement between the State and the Defense. Again, with no objection whatsoever to that agreement being placed on the record from the State." The court further noted:
At that time the State again at the time of sentencing, did not object to the Court's granting of the Motion for Alternative Sentence.
The trial court observed that incident to the plea "agreement" announced to the court, the state agreed that the defense could and would argue for a downward departure from the guidelines and an alternative *1231 sentence under section 948.01(13). It also observed that the state either agreed or acquiesced that the court could consider section 948.01(13) and concluded:
Bottom line is this matter was presented by the Court by way of agreement, which was represented to the Defendant. The State did not object at the time of the plea colloquy, and did not object at the time of sentencing.
Section 948.01 allows the court to withhold adjudication and place a defendant on drug offender probation if that defendant is "a chronic substance abuser whose criminal conduct is a violation of chapter 893." However, section 893.135(3) states:
Notwithstanding the provisions of s. 948.01, with respect to any person who is found to have violated this section, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this section.
§ 893.135(3), Fla. Stat. (1997).
We recognize that this court has held that a trial court may not withhold adjudication for a drug trafficking offense under section 893.15. See Doumar v. State, 507 So.2d 735 (Fla. 4th DCA 1987). However, Doumar did not involve a waiver by the state.
A sentencing error may be reviewed on appeal only if it is properly preserved or constitutes fundamental error. To be fundamental, the error must be patent and serious. Maddox v. State, 760 So.2d 89, 99 (Fla.2000).
"In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence." Id. at 99-100. Further, with respect to its constituting fundamental error, the sentence imposed here is not unlike an unauthorized downward departure from the guidelines.
In State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998), the trial court suspended the defendant's sentence and failed to give reasons for a downward departure. The state appealed, asserting that the absence of departure reasons required reversal. The appellate court refused to consider the issue, finding that it had not been properly preserved. Id. at 1087. See also State v. Baccari, 730 So.2d 806 (Fla. 4th DCA 1999); State v. Stafford, 711 So.2d 612 (Fla. 4th DCA 1998).
If section 893.135(3) is read as mandatory, the alleged error is patent. However, it does not rise to the level of seriousness required by Maddox. Cases allowing sentencing errors to be reviewed as fundamental error involve defendants' challenges to their sentences, not the state's. Here, there is record support for the trial court's conclusion that the state agreed, at all stages of the proceedings, that the court could sentence Ackerman under section 948.01. The state later admitted that it did so because counsel failed to adequately research the issue.
We are mindful of the axiom that penal statutes capable of conflicting interpretations be interpreted most favorably in favor of the defendant. See, e.g., Scates v. State, 603 So.2d 504 (Fla.1992). However, as we resolve this issue on the basis of waiver, we do not address claims that the conflict between these statutes creates an ambiguity that should be construed in favor of the defendant.
DELL, J., concurs.
KLEIN, J., concurs specially with opinion.
*1232 KLEIN, J., concurring specially.
I would affirm on the ground that increasing the sentence of this defendant after he had begun serving his sentence, which is the relief the state is seeking, would violate the prohibition against double jeopardy. Poore v. State, 531 So.2d 161 (Fla.1988). I acknowledge neither side has addressed this issue.
NOTES
[1] The mandatory fine is not in issue here, as the court ordered that Ackerman pay it.