816 So.2d 810 (2002)
STATE of Florida, Appellant/Cross-Appellee,
v.
William L. HAMNER, IV, Appellee/Cross-Appellant.
Nos. 5D01-1872, 5D01-1902.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
*811 SHARP, W., J.
Hamner appeals from the revocation of his probation based on violating the conditions that he not leave the county of his residence without the consent of his probation officer and that he comply with all instructions of his probation officer. The state appeals Hamner's downward departure sentence.[1] We affirm.
In February 1998, Hamner was charged with three counts of sexual battery on a child less than twelve years of age, a capital felony,[2] and three counts of committing a lewd, lascivious or indecent act upon a child, a second degree felony.[3] He agreed to plead no contest to one count of attempted sexual battery, a first degree felony,[4] and two counts of committing a lewd act. In exchange, the state agreed to two concurrent sentences of fifteen years on probation with the condition Hamner attend a sex offender treatment program.[5] The state nol prossed the remaining counts.
The trial judge sentenced Hamner, pursuant to the plea bargain. The judge also authorized Hamner's transfer of probation to Ohio where Hamner's family resides.
The probation order contained the following conditions:
3. You will not change your residence or employment or leave the county of your residence without procuring the consent of your Community Control/Probation Officer.
* * *
9. You will promptly and truthfully answer all inquiries directed to you by the Court or the Community Control/Probation Officer and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
Hamner's probation officer, Adamson, testified at the revocation hearing that she went over the conditions of probation with Hamner. She instructed him that he must not change his approved residence or employment or leave the county of his residence without first obtaining the consent of his probation officer. She also warned him he must comply with all instructions given him by his probation officer.
Hamner was given permission to go to Ohio, pending acceptance of his probation by Ohio authorities. He lived at an address in Ohio, approved by Adamson, and was given permission to move to another. He was directed to contact Adamson by telephone each Monday and to mail in monthly written reports.
In February of 2001, Adamson received a telephone call from the United States Department of Immigration, informing her that Hamner was in their custody after being turned over to them by Canadian officials. He had been taken into custody when he tried to cross the border into Canada. He had not sought permission from Adamson to go to Canada, and she had not given it.
*812 In his defense, Hamner testified he left his county of approved residence for job-related reasons. He was working for an automobile dealership in Ohio. His weekend trip to Canada with a friend would have earned him $200.00 and he only proposed to be away for a weekend. He testified that he thought he had permission to travel outside his county of residence to go to and from any job he had. Normally, he traveled outside of his county of residence and even his state for his automobile job on a regular basis. He testified Adamson was aware of this and had given him permission to do so. Adamson said she did not recall whether Hamner had requested that permission or whether she had granted it.
Hamner's issue on appeal is whether the trial judge abused his discretion in finding that Hamner violated his probation and whether the state established by competent and sufficient evidence[6] that the violation occurred, and that it was willful. Hamner contends he did not willfully violate his probation but merely misunderstood its terms and requirements. However, the judge could have found, based on the evidence, that the weekend trip to Canada was not connected with Hamner's employment and did not fall within the travel exception Hamner believed existed for his job.
On appeal, the state challenges the legality of Hamner's downward departure sentence. After revoking Hamner's probation, the judge sentenced him to a term of five years in prison, followed by five years probation. Although this is a downward departure from the sentencing guidelines, the judge gave no oral or written reasons for the departure. At the hearing, the prosecutor opposed modification or reinstatement of Hamner's probation and urged that Hamner be given a "guidelines" sentence, with "substantial" prison time. However, after the sentencing was pronounced, the prosecutor made no objection to its not being a guidelines sentence, nor did the prosecutor object on the ground no reasons were given.
A sentencing error may not be raised on appeal unless the error has first been brought to the attention of the trial court at the time of sentencing, or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b). Fla. R.App. P. 9.410(d); State v. Clay, 780 So.2d 269 (Fla. 5th DCA 2001); State v. Amodeo, 750 So.2d 664 (Fla. 5th DCA 1999). Neither was done in this case.[7] Because the state failed to timely object to the departure sentence after it was imposed,[8] or to the absence of reasons for its imposition, this sentencing issue was not preserved for appeal. State v. Jackson, 789 So.2d 512 (Fla. 1st DCA 2001) (state failed to preserve for appellate review its claim the sentence was an illegal downward departure without adequate reasons where the state did not object when the trial judge failed to orally announce reasons at sentencing and when the judge failed to enter *813 written reasons); State v. Clark, 770 So.2d 237 (Fla. 4th DCA 2000) (issue of whether specific reasons given for imposition of downward departure sentence were invalid not preserved by state where at sentencing state did not object on same grounds argued on appeal).
AFFIRMED.
COBB and PALMER, JJ., concur.
NOTES
[1] These two appeals were consolidated after being filed separately. The state's appeal 5D01-1872 was designated the primary appeal and Hamner's appeal 5D01-1902 was designated the cross-appeal.
[2] § 794.011(2), Fla. Stat. (1993).
[3] § 800.04(3), Fla. Stat. (1997).
[4] § 794.011(2), § 777.04, Fla. Stat. (1993).
[5] Hamner's score of 91 for the attempted sexual battery resulted in a guidelines range of 47.25 to 78.25 months in prison. His score of 204.2 for the lewd act offenses resulted in a guidelines score of 153.15 to 255.25 months in prison.
[6] Turner v. State, 711 So.2d 1321 (Fla. 5th DCA 1998).
[7] After the notices of appeal were filed, the state filed a motion to correct illegal sentence pursuant to Florida Criminal Procedure Rule 3.800(b), arguing that the sentence was a downward departure and the trial court gave no written reasons for the departure. The state later voluntarily dismissed its motion.
[8] Contrary to the state's assertion, there may be valid reasons for a downward departure. For example, the initial downward departure was based on the plea agreement. A prior downward departure sentence is a factor the court can consider in determining a subsequent downward departure in sentencing for revocation of the initial sentence. Franquiz v. State, 682 So.2d 536 (Fla.1996).