RAMIREZ, J.
The State of Florida appeals from a downward departure sentencing order. For the following reasons, we reverse and remand.
Appellee Michael Paulk was charged with the sale of cocaine, in violation of section 893.13(1)(a)1, Florida Statutes (2002). Over the State’s objection, the trial court offered Paulk a plea of 364 days in a drug treatment program (“TASC”) with early termination upon completion of TASC, followed by 18 months probation. The sentencing scoresheet reflects that the lowest permissible prison sentence was 55.65 months. The trial court did not clearly state any reason for the departure, but did ask Paulk if he had a substance abuse problem for which he wanted help.
Paulk’s substance abuse or addiction “does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines.” Fla. Stat. § 921.0016(5) (2002). See also State v. Ford, 739 So.2d 629 (Fla. 3d DCA 1999).
Paulk argues that the State did not properly preserve the issue for appeal. The following exchange took place immediately after the discussion of Paulk’s substance abuse problem and his desire for help:
MS. CASO [ASA]: For the record, the State objects task [sic]. You are not sentencing Mr. Paulk as an HO.
THE COURT: I am not sentencing Mr. Paulk as an HO.
MS. CASO: The State is objecting to the plea offer.
THE COURT: Noted.
(emphasis added).
As in Ford, we conclude that the State’s objection was sufficient to preserve the issue for appellate review. The State objected “to the plea offer,” which not only included the component of no habitualization, but also a sentencing departure as clearly reflected in the Sentence Computation directly above the judge’s signature in the Criminal Punishment Code Scoresheet prepared in this case. Additionally, it appears that the plea offer was discussed off the record and the State was reiterating “for the record” its objection to a TASC sentence. Unlike State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998), where the State did not object to the departure sen *214 tence nor advise the court that downward departure reasons were necessary, the State here objected to the plea offer.
On remand, the trial court shall permit Paulk to withdraw his plea, or sentence him within the sentencing guidelines.
Reversed and remanded with directions.