973 So.2d 597 (2008)
STATE of Florida, Appellant,
v.
Kristina WARD, Appellee.
No. 2D07-1501.
District Court of Appeal of Florida, Second District.
January 18, 2008.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State of Florida appeals a downward departure sentence imposed on Kristina Ward after she admitted violating her probation in four separate cases.[1] The sentencing guidelines provided for a minimum prison sentence of 29.85 months, but the trial court sentenced Ward to 18 Months in prison. On appeal, Ward does not argue that there was a valid reason to support the downward departure sentence, but she contends that the State waived this argument because it failed to adequately object to the downward departure during her sentencing hearing. We conclude that the State did sufficiently object to the departure and reverse.
At the sentencing hearing, the State noted that it was not seeking a sentence at the bottom of the guidelines and' argued that a sentence of thirty-six months was appropriate. The trial court recognized that the State objected to a departure sentence and pronounced that "over the *598 State's objection" it would sentence Ward to eighteen months in prison. Thereafter, the State again noted its objection to the departure sentence: "We would like to place our objection on the record that the defendant is not being sentenced to the bottom of the guidelines after her four violations of probation."
Ward relies on State v. Hamner, 816 So.2d 810 (Fla. 5th DCA 2002), and State v. Stafford, 711 So.2d 612 (Fla. 4th DCA 1998), to support her argument that the State failed to object at the sentencing hearing and therefore waived this issue on appeal. In Hamner, 816 So.2d at 812, the State urged that Hamner be given a guidelines sentence with substantial prison time, but after the sentence was pronounced, the State did not object on the ground that it was a downward departure from the guidelines or on the ground that no reasons were given for the departure. The Fifth. District held that the sentencing issue was not preserved for appeal because the State failed to timely object to the sentence after it was imposed or to the lack of reasons to support the departure. Id. Similarly, in Stafford, 711 So.2d at 612-13, the State did not object when the trial court advised Stafford of the sentence that would be imposed. In the present case, unlike Hamner and Stafford, the State did note its objection after the trial court announced that it would impose a downward departure sentence. Therefore, "[t]he State's objection was `sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.'" State v. Ayers, 901 So.2d 942, 944 (Fla. 2d DCA 2005) (quoting § 924.051(1)(b), Fla. Stat. (2003)).
Accordingly, Ward's downward departure sentence is reversed. Pursuant to the State's suggestion, Ward should be given the opportunity to withdraw her plea on remand. See State v. Jimenez-Porras, 32 Fla. L. Weekly D2509, ___ So.2d ___, 2007 WL 3034933 (Fla. 2d DCA Oct. 19, 2007).
Reversed and remanded with directions.
WALLACE, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] In case numbers CRC 04-5474CFANO, CRC 04-10609CFANO, and CRC 04-14506CFANO, it was Ward's fourth violation of her probation. In case number CRC 04-15929CFANO, it was for her third violation of probation.