POLEN, J.
 

 Appellant, the State of Florida, appeals the trial court’s order withholding adjudication and sentencing Appellee, Eric Ful-more, to eighteen months probation. This court has jurisdiction. Fla. RApp. P. 9.140(b)(1)(C).
 

 Appellee, Eric Fulmore, was charged with possession of cocaine, a third degree felony. Fulmore pled
 
 nolo contendere,
 
 and the trial court held a sentencing hearing. The State summarized Fulmore’s criminal record for the court explaining that in 2000 Fulmore had been charged with shooting a deadly missile, a second degree felony, and in 1991 he had been charged with civil theft, a misdemeanor. The State explained that adjudication had initially been withheld in Fulmore’s 2000 case and asked the court to adjudicate Fulmore guilty on the present charge and sentence him to eighteen months probation. Defense counsel asked that the court withhold adjudication. Fulmore addressed the court himself and again asked the judge to withhold adjudication explaining that he drove a garbage truck for a living and was the head of his household. The trial judge withheld adjudication and sentenced Fulmore to eighteen months probation.
 

 The state now timely appeals and argues that the trial court erred in withholding adjudication because it was prohibited from doing so under the applicable Florida statute. Section 775.08435(l)(c), Florida Statutes, provides that a trial court may not withhold adjudication of guilt upon the defendant for a third degree felony if “the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony offense” unless either the State requests such a withholding in writing or the trial court makes written findings that the withholding of adjudication is justified given the circumstances of the case.
 

 Because Fulmore had benefitted from a withholding of adjudication in a prior felony case, in order to withhold adjudication of guilt in the present case, the trial court was required by section 775.08435(l)(c), Florida Statutes, to provide written justification. Thus, we remand in order for the trial court to revisit its sentencing determination, and to provide legally sufficient written reasons if it is still inclined to withhold adjudication.
 

 Reversed and remanded.
 

 KLEIN and STEVENSON, JJ., concur.