MAY, J.
 

 The State appeals a judgment withholding adjudication and placing the defendant on probation for possession of cocaine. It argues the trial court erred in refusing to adjudicate the defendant guilty, pursuant to section 775.08435(1)(c), Florida Statutes (2007). We agree and reverse.
 

 
 *1156
 
 The State charged the defendant with possession of cocaine (Case No. 07-4462CF10A). The defendant’s scoresheet listed a possession of cocaine offense, a third degree felony, in his prior record. At the plea hearing, the prosecutor advised the court that the defendant had entered a plea in another case (Case No. 07-6980CF10A) before a different judge and had received a withhold of adjudication even though that charge arose after the present charge. The prosecutor then offered the defendant an adjudication and eighteen months probation.
 

 The trial court noted that the present case had an older case number and involved an earlier arrest. The court therefore concluded it was the defendant’s first offense. The prosecutor argued that the defendant was ineligible for a second withhold of adjudication. Defense counsel acknowledged that the defendant had received a prior withhold and 18 months probation on the second charge, but argued he was still entitled to have the adjudication withheld because the present case was actually the first offense. The trial court told the defendant that if he pled open to the court, the court would consider withholding adjudication. The defendant entered an open no contest plea.
 

 The trial court then withheld adjudication and sentenced the defendant to 15 months probation because it was his first offense and had occurred prior to the other charge. The State objected to the sentence, and filed this appeal.
 

 The law is straightforward on this issue. A “court may not withhold adjudication of guilt upon the defendant for ... [a] third degree felony offense if the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony offense.” § 775.08435(1)(c), Fla. Stat. (2007). The only exceptions to this rule are when the prosecutor requests “in writing that adjudication be withheld” or if the “court makes written findings that the withholding of adjudication is reasonably justified based on circumstances or factors in accordance with those set forth in s. 921.0026.” § 775.08435(1)(c)1.
 
 &
 
 2. Thus, the statute limits the amount of felonies for which adjudication can be withheld.
 
 See State v. Fulmore,
 
 2 So.3d 365 (Fla. 4th DCA 2008).
 

 Regardless of which crime occurred first, once a defendant has been graced with a withhold of adjudication, section 775.08435(1)(c) prohibits a second withhold of adjudication if the felony offense did not “arise from the same transaction” and neither exception applies. We therefore reverse and remand the case to the trial court for either re-sentencing or for legally sufficient written reasons to withhold adjudication in accordance with section 921.0026, Florida Statutes.
 

 Reversed and Remanded.
 

 STEVENSON and TAYLOR, JJ., concur.