CIKLIN, J.
This case requires us to decide if the State’s failure to make a specific objection to the trial court’s decision to withhold adjudication without written findings waives the State’s challenge. Because the State failed to preserve the issue it now raises for appellate review, we affirm.
On March 17, 2008, Tabias Calvert entered an open plea to the second degree felony of delivery of cocaine. The State recommended “an adjudication and eighteen months prison.” After finding that Calvert had no prior criminal history [1], the trial court withheld adjudication. After this decision, the following exchange took place:
COURT: You wanted to say something, Mr. Carmona [prosecutor]?
STATE: Yes judge. As far as 07-20628CF10A the court is giving a withhold. We would like to inquire from the *948 court the reason for a withhold on a second degree felony.
COURT: He has no history.
STATE: Okay.
COURT: This is his first — That’s the reason.
STATE: Okay.
COURT: I want to give him the best shot of getting over this and getting on with his life. I know if I make him a convicted felon he’s going to have two strikes against him. If he screws up he faces the possibility of prison and being a convicted felon which will be with him for the rest of his life.
STATE: Yes, judge. Just for purposes of the record obviously it would be over the State’s objection.
COURT: Okay. All right. Thank you. Good-bye.
(emphasis added)
On appeal, the State now specifically argues for the first time that the trial court erred in failing to make written findings in conjunction with its decision to withhold adjudication. The State urges us to remand this matter to the trial court with instructions to adjudicate Calvert and in support of that request cites to section 775.08435(l)(b), Florida Statutes (2008), which states that:
[T]he court may not withhold adjudication of guilt upon a defendant for:
(b) A second degree felony offense unless:
1. The state attorney requests in writing that adjudication be withheld; or
2. The court makes written findings that the withholding of adjudication is reasonably justified based on circumstances or factors in accordance with those set forth in s. 921.0026.[2]
To properly preserve an issue for appellate review requires three components, “[fjirst, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, “[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted, as legal ground for the objection, exception, or motion below.” Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (quoting Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982)).
Here, while there was an objection made, the prosecutor did not apprise the trial court of the statute relevant to the objection or why the prosecutor believed that the trial court was committing error. See Keyes v. State, 804 So.2d 373, 376 (Fla. 4th DCA 2001) (“Indeed, defense counsel’s assertion that T will object to that’ was insufficient to preserve any specific ground for appeal.”); Jones v. State, 760 So.2d 1057, 1058 (Fla. 4th DCA 2000) (“[Djefense counsel’s objection did not apprise the trial court of the precise argument made here, that this was an improper personal attack on counsel. If defense counsel had made a more specific objection the trial court might well have sustained it.”). Because the prosecutor did not indicate the error the trial court was making, the trial court did not have an opportunity to correct itself. See Crumbley v. State, 876 So.2d 599, 601 (Fla. 5th DCA 2004) (“Commonly referred to as the contemporaneous objection rule, the rationale for its application is two-fold: 1) to require an objection at the time the error is committed to give the trial court the opportunity to correct it; and 2) to prevent a litigant from allowing an error to go unchallenged so it may be used as a tactical advantage later.”); Ca *949 stor v. State, 365 So.2d 701, 703 (Fla.1978) (The purpose of the contemporaneous objection rule is to place “the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.”). Although objections may be preserved on the basis that their purpose is clear from the context, the prosecutor’s comments asking for “reasons” and that the ruling “would be over the State’s objection” only indicate a displeasure with the ruling, not a legal argument.
In the instant matter, was the State objecting to the withhold of adjudication because the trial court had not prepared written findings by the time of sentencing? Was the State conceding that the trial court could supplement the record with written justification but yet anticipating that the judge would not do so? Was the objection based on the prosecutor’s contention that sufficient mitigating factors did not exist — pursuant to section 921.0026— to justify a withhold of adjudication? Was the State of the opinion that the trial court’s reasoning was legally flawed? Given the form of the State’s general objection below, we are unable to discern why the State “obviously” lodged an objection.
“The sole exception to the contemporaneous objection rule applies where the error is fundamental.” F.B. v. State, 852 So.2d 226, 229 (Fla.2003) (citation omitted). For example, “[ijllegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal.” Sanders v. State, 698 So.2d 377, 378 (Fla. 1st DCA 1997); State v. Rhoden, 448 So.2d 1013 (Fla.1984), receded from on other grounds by Maddox v. State, 760 So.2d 89, 100 (Fla.2000) and Cargle v. State, 770 So.2d 1151, 1154 n. 2 (Fla.2000).
Failing to comply with the requirements of section 775.08435(l)(b), Fla. Stat., however, does not constitute fundamental en’or when the error benefits the defendant. See State v. Ackerman, 785 So.2d 1229, 1231 (Fla. 4th DCA 2001) (“Cases allowing sentencing errors to be reviewed as fundamental error involve defendants’ challenges to their sentences, not the state’s.”). Similar to section 775.08435(l)(b), Fla. Stat., downward departure sentences also require the trial court to provide written reasons. §§ 921.001(6), 921.0016(l)(c), Fla. Stat. (2008). The State’s failure to object to a trial court’s imposition of a downward departure sentence without providing written reasons or engaging in the proper analysis is unpreserved error. State v. Doit, 929 So.2d 1190, 1191 (Fla. 4th DCA 2006); State v. Golkiewicz, 930 So.2d 862, 862-63 (Fla. 4th DCA 2006) (“The state challenges the circuit court’s imposition of a downward departure sentence without providing written reason» or engaging in the proper analysis. We affirm the sentence because the state failed to preserve the issue in the trial court.”).
We recognize our decision in State v. Fulmore, 2 So.3d 365 (Fla. 4th DCA 2008), but find it distinguishable. In Fulmore, the error involved section 775.08435(l)(e), Fla. Stat., which prohibits a trial court from withholding adjudication (without written findings) when there has been a prior unrelated withholding of adjudication for a felony offense. In Fulmore, the State preserved the error by making the trial court aware of a prior unrelated withhold.
This issue before us was not properly preserved for appellate review and is therefore not now cognizable.

Affirmed.

GROSS, C.J., concurs.
WARNER, J., concurs specially with opinion.

. Although inconsequential for purposes of this appeal, the record indicates that the court was apprised of the fact that Calvert had been charged with loitering and prowling in 2007.

. Section 921.0026, Fla. Slat., permits a sentencing court to downwardly depart from the lowest permissible statutory guideline sen-lence after considering and applying one or more of twelve enumerated "mitigating circumstances.”