COHEN, J.
Jose Garza was charged with and pled guilty to one count of traveling for the purpose of engaging in unlawful sexual conduct with a minor, a second-degree felony,[1] and to one count of using a computer service or device to solicit a person believed to be the legal guardian or custodian of a minor to consent to the participation of the minor in unlawful sexual conduct, a third-degree felony.[2] The sentencing guidelines called for a forty-two-month sentence. Instead, following a sentencing hearing, the court withheld adjudication and sentenced Garza, who had no prior criminal history, to two years’ community control followed by thirteen years’ probation. On appeal, the State challenges the trial court’s decisions to downwardly depart and to withhold adjudication on the traveling to meet a minor charge. Garza claims the State failed to preserve these issues. We affirm in part and reverse in part.
Preservation of error principles require parties to be specific with their objections so as to inform the trial court of the perceived error. See Aills v. Boemi, 29 So.3d 1105, 1108-09 (Fla.2010). Here, the trial judge utilized two statutory bases to justify a downward departure. The objection lodged by the State simply stated, “We would also object to the imposed sentence.” We find the objection in this case was not specific enough to preserve the issue for appeal. See State v. Colbert, 968 So.2d 1043, 1045 (Fla. 5th DCA 2007) (finding objection to downward departure not specific enough to preserve error and explaining that a general objection suffices only “ ‘when the basis for that objection clearly appears from the context.)’ ” (quoting State v. Roberts, 963 So.2d 747, 748 (Fla. 3d DCA 2007)).
Garza cites State v. Calvert, 15 So.3d 946 (Fla. 4th DCA 2009), as support for his position that the State also failed to properly preserve the issue relating to the withhold of adjudication on the second-degree felony traveling to meet a minor charge. In Calvert, the defendant entered into an open plea to the second-degree felony of delivery of cocaine, and after finding he had no criminal record, the court withheld adjudication. The following exchange then occurred:
COURT: You wanted to say something, Mr. Carmona [prosecutor]?
STATE: Yes judge. As far as 07-20628CF10A the court is giving a withhold. We would like to inquire from the court the reason for a withhold on a second degree felony.
*858 COURT: He has no history.
STATE: Okay.
COURT: This is his first — That’s the reason.
STATE: Okay.
COURT: I want to give him the best shot of getting over this and getting on with his life. I know if I make him a convicted felon he’s going to have two strikes against him. If he screws up he faces the possibility of prison and being a convicted felon which will be with him for the rest of his life.
STATE: Yes, judge. Just for purposes of the record obviously it would be over the State’s objection.
COURT: Okay. All right. Thank you. Good-bye.
Id. at 947-48. Holding that the State failed to preserve a challenge to the withhold of adjudication, the Fourth District explained, “while there was an objection made, the prosecutor did not apprise the trial court of the statute relevant to the objection or why the prosecutor believed that the trial court was committing error.” Id. at 948.
We disagree with Calvert. Courts may not withhold adjudication of guilt for a second-degree felony unless “[t]he state attorney requests in writing that adjudication be withheld,” or “[t]he court makes written findings that the withholding of adjudication is reasonably justified based on circumstances or factors in accordance ■with those set forth in [section] 921.0026.” § 775.08435(l)(b)l., 2., Fla. Stat. (2011). Here, the prosecutors specifically objected to the withhold of adjudication, noting that the crime charged was a second-degree felony. In our view, that is adequate to put the trial judge on notice as to the statutory requirement that the court make written findings. Indeed, the trial court did not even orally set forth any rationale for failing to follow the statute’s mandate.
Accordingly, we affirm the downward departure, reverse the withhold of adjudication, and remand for resentencing. Further, we certify conflict with Calvert.
AFFIRMED IN PART; REVERSED IN PART; REMANDED; CONFLICT CERTIFIED.
SAWAYA and BERGER, JJ., concur.

. § 847.0135(4)(b), Fla. Stat. (2011).

. § 847.0135(3)(b), Fla. Stat. (2011).