IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

     Appellant,

 v.

Case No. 5D17-4016

BRYANT SANTANA RIVERA,

     Appellee.

_____/

Opinion filed July 6, 2018

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant.

James S. Purdy, Public Defender, and
David M. Dixon, Assistant Public Defender,
Daytona Beach, for Appellee.

COHEN, C.J.

     Bryant Rivera entered an open plea to a charge of possession of alprazolam, a

third-degree felony. § 893.13(6)(a), Fla. Stat. (2017). The trial court withheld adjudication

of guilt and sentenced Rivera to one day in the county jail with credit for time served. The

State appeals Rivera's sentence, arguing that the court erred by withholding adjudication

of guilt pursuant to section 775.08435, Florida Statutes (2017), or alternatively, by

withholding adjudication of guilt without placing Rivera on a term of probation under section 921.187, Florida Statutes (2017). "The legality of a sentence is a question of law, and thus, subject to de novo review." Montgomery v. State, 230 So. 3d 1256, 1258 (Fla. 5th DCA 2017) (citing Pinkard v. State, 185 So. 3d 1289, 1289–90 (Fla. 5th DCA 2016)).

At sentencing, the State represented that Rivera had two prior felony withholdings of adjudication unrelated to the instant charge. On appeal, the State alternatively argues that even if Rivera had only one prior felony withholding, as suggested by the court at sentencing, the court erred in failing to make the findings mandated by section 775.08435(1)(d)2.

Section 775.08435(1), Florida Statutes, limits the power of the trial court to withhold adjudication. In pertinent part, subsection (d) prohibits withholding adjudication of guilt on third-degree felonies if the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony. § 775.08435(1)(d), Fla. Stat. (2017). An exception exists if the state attorney requests in writing that adjudication be withheld or the court makes written findings that withholding adjudication is justified under the circumstances in accordance with the factors set out in section 921.0026, Florida Statutes. Id. § 775.08435(1)(d)1.–2. However, the court cannot withhold adjudication if the defendant has two or more prior withholdings of adjudication on felonies that did not arise from the same transaction as the current offense. Id. § 775.08435(1)(d).

The State also argues that the court erred in withholding adjudication without placing Rivera on a term of probation. Section 921.187(1)(c), Florida Statutes, provides that the court may "[p]lace the offender on probation with or without an adjudication of

2

guilt" if the court does not impose a prison sentence. Section 948.01(2), Florida Statutes, further provides that "the court . . . may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt. In either case, the court shall stay and withhold the imposition of sentence upon the defendant and shall place a felony defendant upon probation." Finally, Florida Rule of Criminal Procedure 3.670 provides that "where allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation." See also State v. Messina, 13 So. 3d 153, 154 (Fla. 4th DCA 2009) (finding withholding of adjudication without imposition of probation to be illegal); State v. Penn, 881 So. 2d 67, 68–69 (Fla. 5th DCA 2004) (noting that trial court erred by withholding adjudication without imposing probation).

The State's arguments are well founded. However, the State failed to preserve these issues for appeal by contemporaneous objection. See, e.g., Jackson v. State, 983 So. 2d 562, 568 (Fla. 2008) ("To preserve error for appellate review, the general rule is that a contemporaneous, specific objection must occur during trial at the time of the alleged error." (quoting Gore v. State, 964 So. 2d 1257, 1265 (Fla. 2006))). Because any error here was not fundamental, see, e.g., State v. Ackerman, 785 So. 2d 1229 (Fla. 4th DCA 2001), we are compelled to affirm.

AFFIRMED.

ORFINGER and WALLIS, JJ., concur.

3