NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES WILLIAM BRAINE, )
)
      Appellant, )
)
v. )    Case No. 2D17-807
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

Opinion filed September 14, 2018.

Appeal from the Circuit Court for Manatee
County; Hunter W. Carroll, Judge.

Howard L. Dimmig, II, Public Defender, and
Julius J. Aulisio, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.

        James William Braine pleaded guilty to one count of aggravated assault, a

third-degree felony, and two misdemeanor counts. He now challenges the trial court's

interpretation of section 775.08435(1), Florida Statutes (2016), in imposing sentences.

Because the trial court correctly concluded that the statute circumscribed its discretion

to withhold adjudication on the felony offense, we affirm.

## Background

Mr. Braine asked the trial court to withhold adjudication for his third-degree felony offense. Section 775.08435(1)(c)(1) and (2)[1], limits the trial court's ability to withhold adjudication for a third-degree felony "if the defendant has a prior withhold[] of adjudication"; the state attorney must make a written request, or the trial court must provide written findings of mitigating factors. § 775.08435(1)(c)(1), (2), Fla. Stat. (2016). Critically, section 775.08435 further constrains the trial court's authority: "Notwithstanding any provision of this section, no adjudication of guilt shall be withheld for a third degree felony offense if the defendant has two or more prior withholdings of adjudication for a felony that did not arise from the same transaction as the current felony offense." § 775.08435(1).

The trial court found two mitigating factors that would reasonably justify withholding adjudication. First, Mr. Braine's capacity to conform his conduct to the requirements of the law was substantially impaired. Second, he required specialized mental health treatment. However, Mr. Braine previously received withholds for two prior third-degree felonies in a more than twenty-year-old case.

The State maintained that the trial court lacked authority to grant a third withhold under section 775.08435(1). The trial court agreed. It adjudicated Mr. Braine guilty on all three counts and sentenced him to probation.

---

[1]A 2017 amendment to section 775.08435 moved this provision location to section 775.08435(1)(d). Ch. 2017-156, § 4, Laws of Fla.

## Analysis

The State introduced sufficient evidence of Mr. Braine's two prior withholds. Thus, this is not a case where the State failed to prove that the defendant was ineligible for a withhold of adjudication. See, e.g., State v. Good, 30 So. 3d 661, 661 (Fla. 4th DCA 2010) ("The State did not argue or present any evidence that the defendant had prior withholds of adjudication." (emphasis added)); State v. Barfield, 995 So. 2d 1138, 1140 (Fla. 5th DCA 2008) (affirming withhold of adjudication where "the State did not produce any evidence of a prior felony or a prior withholding"). As framed by Mr. Braine, the only issue on appeal is whether the trial court erred by determining that section 775.08435 removed its discretion to withhold adjudication when the two prior withholds arose from the same case. He tells us that this is an issue of first impression.

"Statutory interpretation raises an issue of law, and we review the trial court's ruling de novo." Wegner v. State, 928 So. 2d 436, 438 (Fla. 2d DCA 2006) (citing Racetrac Petroleum v. Delco Oil, Inc., 721 So. 2d 376, 377 (Fla. 5th DCA 1998)). "The first place we look when construing a statute is to its plain language–if the meaning of the statute is clear and unambiguous, we look no further." State v. Hackley, 95 So. 3d 92, 93 (Fla. 2012) (citing Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1220 (Fla. 2010)). "We resort to other rules of statutory construction only where the statute is ambiguous in the sense that it could be reasonably understood to mean two different things." Burgess v. State, 198 So. 3d 1151, 1155 (Fla. 2d DCA 2016) (citing Fajardo v. State, 805 So. 2d 961, 963-64 (Fla. 2d DCA 2001)).

Section 775.08435(1) restricts the court's discretion to withhold adjudication. As relevant here, "[n]otwithstanding any provision of this section, no adjudication of guilt shall be withheld for a third degree felony offense if the defendant has two or more prior withholdings of adjudication for a <u>felony that did not arise from the same transaction as the current felony offense</u>." §775.08435(1) (emphasis added).

Mr. Braine contends that "[t]he qualifying language 'from the same transaction as the current felony offense' indicates that the legislature intended for a withhold to be one ministerial function and one withhold when it involves felonies arising from the same transaction." Seemingly, Mr. Braine interprets the "same transaction" language as relating to the time of sentencing. Under his interpretation, all withholds granted in one sentencing proceeding would constitute a single withhold. This interpretation, however, ignores the plain meaning of the statute. The legislature created a "same transaction" exception for a <u>current</u> felony offense that arose from the same transaction as a prior felony offense. The only transactional relationship relevant under section 775.08435(1) is the relationship between the current felony offense and a prior felony offense, not, as Mr. Braine contends, the relationship between two prior offenses.

We found no case directly on point from this court. The Fourth District, however, weighed in on a case with similar facts. See <u>State v. Jean</u>, 114 So. 3d 451 (Fla. 4th DCA 2013). In <u>Jean</u>, the trial court withheld adjudication for a third-degree felony, although the defendant had previously received two prior withholds. <u>Id.</u> at 452. The Fourth District reversed and remanded, holding that "[d]espite the court's findings, section 775.08435(1)(c) prohibits the trial court from withholding adjudication in this

- 4 -

circumstance." Id. The Fourth District relied on the plain language of the statute and determined that the two prior withholds barred the defendant from receiving a third. Id. See also State v. Cook, 14 So. 3d 1155, 1156 (Fla. 4th DCA 2009) ("[O]nce a defendant has been graced with a withhold of adjudication, section 775.08435(1)(c) prohibits a second withhold of adjudication if the felony offense did not 'arise from the same transaction' . . . .").

Mr. Braine next argues that his statutory construction avoids absurd results. See Atkinson v. State, 791 So. 2d 537, 538-39 (Fla. 2d DCA 2001) ("Courts are constrained as a basic tenet of statutory interpretation to avoid a construction of a statute that would result in unreasonable, harsh, or absurd consequences."). He posits that the trial court's interpretation of the statute rewards an escalation in felonious conduct and punishes those demonstrating improved behavior. For example, a defendant who has previously received one withhold, is not barred by section 775.08435(1) from receiving two or more in a later case, thereby rewarding an escalation in criminal behavior. Conversely, section 775.08435(1) prohibits a defendant who previously received two withholds in the same case, from receiving one in a later case, punishing what appears to be a downward trend in criminal activity. Therefore, Mr. Braine urges that the statute should be interpreted as treating all withholds that result from the same transaction as one withhold.

We cannot agree with Mr. Braine. Section 775.08435(1) limits the availability of withholds for repeat felony offenders. This is not absurd. The absurdity doctrine is reserved for rare cases, where "applying the plain meaning would border on irrationality." Lewars v. State, 42 Fla. L. Weekly D1098 (Fla. 2d DCA May 12, 2017)

(quoting Maddox v. State, 923 So. 2d 442, 452 (Fla. 2006) (Cantero, J., dissenting)). The State concedes that the "same transaction" exception may create inconsistency but nothing that amounts to an "absurdity." Any inconsistency is the result of the trial court's exercise of sentencing flexibility, as limited by the legislature.

Moreover, Mr. Braine's statutory interpretation would require us to add words to the statute. We are loathe to do so. "[T]his court is not permitted to add words to a statute that were not placed there by the legislature." Peace River/Manasota Reg'l Water Supply Auth. v. IMC Phosphates Co., 18 So. 3d 1079, 1087 (Fla. 2d DCA 2009). The "same transaction" exception is limited to third-degree felony charges that arise from the same transaction as the current offense. The offense in this case is unrelated to the offenses that gave rise to Mr. Braine's two prior withholds. Therefore, Mr. Braine is ineligible for an additional withhold.

## Conclusion

Because the trial court correctly applied section 775.08435(1), we affirm.

Affirmed.


KELLY and MORRIS, JJ., Concur.