DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**NELSON ERVIN,**
Appellee.

No. 4D19-626

[March 18, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 18-003737CF10A.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellee.

KUNTZ, J.

The State appeals the circuit court's order withholding adjudication on Nelson Ervin's no contest plea to a first degree felony. We agree the court erred in withholding adjudication. But, at the time of sentencing, the State did not object to the court withholding adjudication. So we affirm.

## i. Background

Ervin pleaded no contest to armed burglary of a dwelling, a first degree felony; two counts of dealing in stolen property, second degree felonies; and two counts of false ownership information to a pawn broker, third degree felonies.

On the day of sentencing, Ervin's Criminal Punishment Code scoresheet listed the primary offense as armed burglary of a dwelling, a first degree felony. The scoresheet listed another case under "additional offenses" and listed one count of burglary of a dwelling, three counts of

dealing in stolen property, and two counts of false ownership information to pawn an item. The scoresheet showed the lowest permissible prison sentence was 78 months.

At sentencing, Ervin's counsel asked the court to withhold adjudication, explaining that the victim did not want to "see this young man convicted." Ervin's counsel indicated the State was "up in the air about whether or not adjudication should be withheld." Consistent with that message, the prosecutor told the court: "Just as far as the withhold, judge, can or can[']t withhold on that so that's the State's position."

The court withheld adjudication on all five counts.

### ii. Analysis

On appeal, the State argues the court was barred from withholding adjudication on one count because of Ervin's plea to a first degree felony. The State is correct.

The controlling statute specifically states that "the court may not withhold adjudication of guilt upon the defendant for: (a) Any capital, life, or first degree felony offense." § 775.08435(1)(a), Fla. Stat. (2019). Based on the statute, it is reversible error for a court to withhold adjudication on first degree felony convictions. *See State v. Foster,* 114 So. 3d 422, 422 (Fla. 5th DCA 2013).

Had the State raised the objection, and had the court still withheld adjudication, we would be compelled to reverse. But, at most, the State was ambivalent and failed to contemporaneously object. *See, e.g., Castor v. State,* 365 So. 2d 701, 703 (Fla. 1978); *State v. Rivera,* 249 So. 3d 1314, 1316 (Fla. 5th DCA 2018) (citing *Jackson v. State,* 983 So. 2d 562, 568 (Fla. 2008)).

Based on the State's failure to object, we can reverse only if the error is fundamental. And we have previously rejected an argument that improperly withholding adjudication is fundamental error. *State v. Calvert,* 15 So. 3d 946, 949 (Fla. 4th DCA 2009) (citing *State v. Ackerman,* 785 So. 2d 1229, 1231 (Fla. 4th DCA 2001)).

### iii. Conclusion

The State's failure to contemporaneously object at sentencing, and its near acquiescence to Ervin's request that the judge withhold adjudication, require us to affirm the court's ruling.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**