DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**GABRIEL CHARLTON,**
Appellee.

No. 4D20-276

[December 16, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 19000074CF10A.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellee.

ARTAU, J.

The State appeals from a final order withholding an adjudication of guilt on a third-degree felony charge. It argues that the trial court impermissibly withheld adjudication on the third-degree felony in violation of the plain text of section 775.08435(1)(d), Florida Statutes (2019). We agree and reverse.

### *Background*

Defendant entered an open plea of "no contest" to the third-degree felony charge of unarmed burglary of an unoccupied conveyance. During sentencing, the court and the parties engaged in a colloquy regarding exactly how many times Defendant had received withholds of adjudication of guilt on prior felonies. The circuit court took the position that multiple withholds in a prior case counted as only one withhold for purposes of eligibility to receive a withhold in a subsequent case under section 775.08435(1)(d).

As the primary justification for an additional withhold of adjudication, the circuit court referenced the Defendant's desire to turn his life around and pursue substance abuse treatment.

### *Analysis*

Section 775.08435(1)(d) prohibits a court from withholding adjudication of guilt if the defendant has a prior withholding of adjudication for a qualifying felony offense that did not arise from the same transaction as the current felony offense unless the state attorney requests in writing that adjudication be withheld ("exception (1)(d)1."), or the court makes written findings that the withholding of adjudication is reasonably justified based on certain mitigating circumstances or factors outlined by the statute ("exception (1)(d)2."). However, the final proviso contains a catch-all maximum cap on the permitted number of withheld adjudications arising from any subsequent transactions or incidents. It provides: "Notwithstanding any provision of this section, no adjudication of guilt shall be withheld for a third degree felony offense if the defendant has two or more prior withholdings of adjudication for a felony that did not arise from the same transaction as the current felony offense." This proviso "restricts the court's discretion to withhold adjudication" as the Second District explained in *Braine v. State*, 255 So. 3d 470, 472 (Fla. 2d DCA 2018) (concluding that the defendant is ineligible under the plain meaning of the statute because he had already received withholds of adjudication for two prior third-degree felonies in a previous transaction unrelated to the current offense) (citing *State v. Cook*, 14 So. 3d 1155 (Fla. 4th DCA 2009), and *State v. Jean*, 114 So. 3d 451 (Fla. 4th DCA 2013)).

The statute does not countenance a maximum number of withholds within one individual transaction, but provides a maximum number of withholds of adjudication when contrasted within two separate transactions. The statutory text permits the court to withhold adjudication in a subsequent transaction given satisfaction of either of those two exceptions—(1)(d)1. or (1)(d)2.—so long as the maximum number of withholds has not been exhausted. In other words, the final proviso makes two withholds the ceiling to cabin these exceptions and exclude subsequent withholds. This interpretation of the statutory text has been explained multiple times by our court. *See, e.g., State v. Cook*, 14 So. 3d at 1156 ("[O]nce a defendant has been graced with a withhold of adjudication, section 775.08435(1)(c) prohibits a second withhold of adjudication if the felony offense did not 'arise from the same transaction' and neither exception applies.").

2

In *Jean,* we held that a defendant who had received two prior withholds from a previous transaction was not permitted to receive a third because of the statute's prohibiting language. 114 So. 3d at 452. We similarly interpreted the statute in *State v. Ester*, 264 So. 3d 979, 979 (Fla. 4th DCA 2019), because the defendant there had two withholds in a prior case unrelated to the third-degree offenses for which adjudications were withheld. And in *State v. Ly*, 208 So. 3d 330, 330 (Fla. 5th DCA 2017), our sister court also interpreted the statute as proscribing the withholding of adjudication where the defendant had two or more prior withholds for felonies that did not arise from the same transaction.

Here, Defendant received four withholds as a part of a previous transaction. Because the amount of prior withholds was at least two, and those withholds occurred in a previous transaction, the statutory maximum has been exceeded, making Defendant ineligible for any further withholding of adjudication even if exceptions (1)(d)1. or (1)(d)2. could apply.

Defendant interprets the "same transaction" language within the concluding proviso such that all withholds in a previous case would constitute a single withhold. However, the proviso speaks to the relationship between the current felony offense and the previous felony offense, not between the number of felony offenses arising out of the same transaction or incident.

### *Conclusion*

Thus, the relationship between the two transactions is binary, such that, within the first transaction, the number of offenses is immaterial to trigger section 775.08435 (1)(d) and its concluding proviso, but a second transaction triggers (1)(d) of this section—and consequently, both the discretion afforded by exceptions (1)(d)1. and (1)(d)2.—and the limiting language of the concluding proviso. In other words, the four withholds here as a part of the same transaction would be permitted if a part of the first and only transaction, but the four withholds in the first transaction prohibit any further withholding of adjudication in the second transaction. In sum, the statute prescribes a limit of two withholds in the aggregate unless those withholds are a part of the first and only transaction. Only if the maximum number of withholds—two or more—has not been exhausted, may the circuit court withhold adjudication in a subsequent qualifying felony transaction or incident, given satisfaction of either of those two exceptions.

Though we might loathe a formulation which limits our ability to judge and reward the desire for rehabilitation in those who have regrettably committed crimes, our lodestar is the text enacted by the Florida Legislature, and our true task is to interpret such text, not to find it wanting, but to make it clear.

*Reversed and remanded.*

LEVINE, C.J., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

As the majority notes, *State v. Ester*, 264 So. 3d 979, 979 (Fla. 4th DCA 2019), *State v. Jean*, 114 So. 3d 451, 452 (Fla. 4th DCA 2013), *State v. Cook*, 14 So. 3d 1155, 1156 (Fla. 4th DCA 2009), and *Braine v. State*, 255 So. 3d 470, 472–73 (Fla. 2d DCA 2018), all hold that where the defendant has two prior withholds from a crime or crimes which do not arise from the same transaction as the current felony, section 775.08435(1)(c), Florida Statutes (2018), prevents the court from withholding adjudication again. This is known as the same transaction exception. "The 'same transaction' exception is limited to third-degree felony charges that arise from the same transaction as the current offense." *Braine*, 255 So. 3d at 473. There is no "same transaction" exception applied to the prior offenses. Thus, the fact that the withholds are all from counts in the same prior case does not mean that together they count only as one withhold, as the trial court determined. They each amount to a withhold of adjudication for purposes of the statute.

I would point out that in his brief, defendant does not challenge the prior case law or argue that the trial court's interpretation was correct. Instead, he argues that the prosecutor waived his objection to the withhold of adjudication during his argument. This appears to be a strained interpretation of what the prosecutor said at the hearing. Moreover, in its oral ruling, the trial court acknowledged the State's interpretation of the withhold exception but disagreed with it. On this record, no waiver occurred.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4